104 N.J. Super. 350 (1969)
250 A.2d 49
VIRGINIA BERGEN AND JERRALD BERGEN, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
RUFUS W. MILLER, M.D. DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 1969.
Decided February 5, 1969.
*351 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. John W. Devine argued the cause for appellants (Messrs. Pellettieri and Rabstein, attorneys).
Mr. Bernard A. Campbell, Jr., argued the cause for respondent (Messrs. McLaughlin, Dawes & Abbotts, attorneys).
The opinion of the court was delivered PER CURIAM.
Plaintiff Virginia Bergen filed a malpractice action against defendant doctor in the Law Division, claiming that he was negligent in diagnosing and treating her right index finger which was injured on April 30, 1965, when a metal rivet became imbedded in it in the course of her employment at the General Motors Ternstedt Division. Plaintiff's husband joined in the suit for his damages per quod.
The trial court granted defendant's motion for a summary judgment on the ground that defendant was a fellow-employee of the injured plaintiff and by reason thereof immune from suit at law under N.J.S.A. 34:15-8. Plaintiffs appeal from the summary judgment in favor of defendant.
*352 N.J.S.A. 34:15-8, as amended by L. 1961, c. 2, provides inter alia:
"If an injury or death is compensable under this article a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong."
The issue involved in this appeal is whether defendant doctor was a person "in the same employ as the person injured" wtihin the meaning of this statutory provision.
Defendant doctor was employed by General Motors, the same employer of the injured plaintiff, as the medical director of the General Motors dispensary at the Ternstedt Division in Ewing Township, New Jersey. His duties there were to treat employees of General Motors who were injured on the job and to perform certain medical examinations of General Motors' employees. At the time of the accident Dr. Miller received a salary from General Motors which constituted, and continues to constitute, substantially all of his income. The doctor spent, and spends, eight hours a day or more, on a five-day week or more, basis at this dispensary in the discharge of his duties. He maintains staff privileges at Mercer Hospital and as part of his duties often attends injured employees of General Motors at that hospital. On the basis of these facts, we agree with the finding of the trial court that defendant doctor was in the same employ as the injured plaintiff. No claim is made that his treatment of the injured plaintiff was an intentional wrong within the exception of N.J.S.A. 34:15-8.
Plaintiffs argue that the unique status of a physician dictates that he not be considered to be "in the same employ" as an industrial worker. We see no valid reason for making any such distinction. The Legislature did not do so. The broad language of the statute applies to all employees. We discussed the rationale which prompted the adoption of N.J.S.A. 34:15-8 in Miller v. Muscarelle, 67 N.J. Super. *353 305, 321 (App. Div. 1961), certification denied 36 N.J. 140 (1961). Simply stated, its purpose was to make the injured workman's remedy exclusive under the Workmen's Compensation Act both as to the employer and the fellow-employee, except where the fellow-employee was guilty of some intentional wrong. There was no intent in the adoption of the statute to classify fellow-employees. Therefore, the immunity applies to a fellow-employee even if he is in a supervisory capacity or uniquely talented as in the case of the plant physician.
General Motors, the common employer of the injured plaintiff and defendant doctor, has paid under the Workmen's Compensation Act for the entire result of plaintiff's injury, not only for that caused by the piece of metal entering her right index finger but also the consequences thereof resulting from the alleged negligence of her fellow employee in treating the finger.
The summary judgment in favor of defendant is affirmed.