395 A.2d 285

**Harvey BIRDMAN and Diane Birdman, h/w**

**v.**

**Gerome MEDLEY and Berneastine Daniels Medley, h/w, Appellants.**

Superior Court of Pennsylvania.

Submitted June 21, 1977.

Decided Nov. 30, 1978.

24

26

Joyce Ullman, Philadelphia, for appellants.

Leon W. Silverman, Philadelphia, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal comes before our court following a judgment for appellees awarding them $2,430.00 in damages for rent upon their premises and granting their action in ejectment. Appellants allege that the trial judge erred in refusing to consider their prior discharge in bankruptcy as a defense to the action. The judge refused to consider the bankruptcy discharge, ruling that under Pa.R.C.P. No. 1030 appellants' failure to affirmatively plead the discharge under new matter precluded them from later presenting that defense. We affirm the ruling of the trial judge. The facts adduced at trial are as follows.

In January 1967, appellees, husband and wife, entered into a purchase-lease agreement to convey a residence at 8631 Rugby Street, Philadelphia, to appellants, husband and wife. Total consideration for the purchase was $13,500.00; under the sales agreement appellants paid $500.00 down and agreed to pay $135.00 per month for the next twenty years. At all times pertinent to this appeal, appellees retained title to the property.

From January 1967 until December 1971 appellants made fifty-eight (58) monthly payments of $135.00, and thereafter until September 1973 made seven (7) additional payments at sporadic intervals. No payments were made after September 1973.

On April 4, 1974, appellees filed a complaint in the Municipal Court of Philadelphia seeking to evict appellants from the residence under the Landlord and Tenant Act of 1951.[1] A judgment was entered in favor of appellees from which appellants filed an appeal to the Court of Common Pleas of Philadelphia County. Thereafter, on April 30, 1974, appellees filed a complaint in ejectment in two counts; one for the eviction of appellants for their failure to pay rent under the purchase-lease agreement, and a second for damages resulting from appellants' retention of the premises. On June 13, 1974, appellants filed an answer and counterclaim to appellees' complaint.

On April 23, 1974, appellants filed a bankruptcy petition with the United States District Court for the Eastern District of Pennsylvania seeking confirmation of a wage earners' plan under the Bankruptcy Act.[2] On September 18, 1975, the bankruptcy judge entered an order discharging appellant "from all dischargeable debts." Thereafter, appellants did not amend their answer filed to appellees' complaint to allege the bankruptcy discharge as an affirmative defense to appellees' claim.

1. Act of April 6, 1951, P.L. 69, §§ 101 *et seq.* (68 P.S. §§ 250.101 *et seq.*).

2. 11 U.S.C. §§ 1001–1086.

On March 9, 1976, a non-jury trial was held on appellees' claim for ejectment and damages. Before commencement of the trial, appellants' counsel made an oral motion that appellees be barred from proceeding with the trial on the basis that appellants' debt had been discharged in bankruptcy. The trial judge denied the motion, ruling that Pa.R.C.P. No. 1030 "requires the affirmative defense of discharge in bankruptcy must be pleaded in 'new matter' and failure to do so constitutes a waiver under Pennsylvania Rules of Civil Procedure 32 [1032]. By failing to properly plead this issue before trial, [appellants] have waived this alleged defense."

The trial continued, and on April 23, 1976, a verdict was entered for appellee on both the ejectment count and the damages count, with damages being awarded in the amount of $2,430.00. From that verdict, appellants bring this appeal.[3]

Appellants' sole basis for appeal is that the trial judge erred in refusing to permit them to plead the bankruptcy discharge as a defense to appellees' claim. Although conceding their failure to conform to the provisions of Pa.R.C.P. No. 1030, appellants argue that since the discharge order emanated from the United States District Court, they are excused from conforming with the requirements of Rule 1030. With this contention we cannot agree.

Pa.R.C.P. No. 1030 states that "[a]ll affirmative defenses, including  . . .  discharge in bankruptcy  . . .  shall be pleaded in a responsive pleading under the heading 'New Matter.'" The requirements of this rule are further reinforced by Pa.R.C.P. No. 1032, which puts a litigant on notice that "[a] party waives all defenses and objections which he does not present either by preliminary objection, answer, or reply  . . . ." Although failing to cite any specific authority, appellants contend that an exception exists to Rules 1030 and 1032 for discharges granted by the federal courts. We find this argument wholly untenable.

3. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. III, § 302 (17 P.S. § 211.302).

██ Since federal courts of bankruptcy are invested with *exclusive* jurisdiction to "adjudge persons bankrupt" and to discharge the debts of bankrupts,[4] it would be incongruous to interpret the provisions of Rule 1030 to apply to all discharges in bankruptcy, except those emanating from the federal courts. Rather, the provisions of Rule 1030 are intended to require defendants who allege that a discharge in bankruptcy is a defense to a suit, to put the plaintiff on notice of the alleged defense, so that the plaintiff may prepare to adjudicate that issue. As one court noted, "a discharge releases the bankrupt from personal liability on the obligation in question. This does not mean that the debt is paid or satisfied, but only that the bankrupt is afforded a legal defense to actions on the debt if he chooses to avail himself of it." *Budget Plan, Inc. v. Hicks*, 25 D. & C.2d 365, 368–69 (C.P.Centre 1961).

In this case, the alleged defense was neither raised in pretrial pleadings nor discussed in the pre-trial briefs of either party. To confront appellees (and the trial judge) with this defense on a spur of the moment plea, without affording them the opportunity to assemble their relevant evidence or legal research, would be to perpetrate the type of injustice that Rule 1030 was intended to prevent.

██ Likewise, we find equally without merit appellants' contention that the bankruptcy decree enjoining all creditors from seeking to enforce their discharged claims precluded appellees from presenting their claim in a state court. *See* Bankruptcy Form 13–16. That order enjoined the enforcement of all "dischargeable" claims and all claims arising under section 17a of the Bankruptcy Act (11 U.S.C. § 35[a]). Without deciding the merits of appellees' claim as against the bankruptcy discharge, we note that appellees' claim may fall within certain other provisions of the Bankruptcy Act, whereby creditors may continue to enforce their claims in state courts irrespective of the $ischarge in bankruptcy. *See* Bankruptcy Act, section 67b (11 U.S.C. § 107[b]); *cf. Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed.

**4.** 11 U.S.C. § 11(a)(1), (12).

1061 (1903) (permitting enforcement in state courts of claims against the exempt property of the debtor). Whether appellees' claim falls within the class of claims that survive a discharge in bankruptcy, is the type of issue that should be resolved only after a complete presentation of the evidence and the applicable principles of law. Thus, Rule 1030 mandates that a defendant-bankrupt present the discharge defense by way of pre-trial pleading as opposed to last minute, surprise oral motions.

■ Again, without ruling upon the merits of appellees' claim, we note that section 17c(1) of the Bankruptcy Act[5] affords appellants an alternative basis for testing the dischargeability of appellees' claim. Under Section 17c(1), appellants may petition the court of bankruptcy to rule upon "the dischargeability of any debt." Although appellants have not utilized this procedure, they did petition the bankruptcy court to rule appellees in contempt for seeking to enforce their claim in the state court proceeding. On November 1, 1976, the bankruptcy judge refused to enjoin appellees from proceeding in the state forum. Thus, the claim being brought in the courts of this Commonwealth, appellants were bound to abide by our rules of procedure. Their failure to do so by pleading the discharge as a defense amounts to a waiver of that defense under Pa.R.C.P. No. 1032.

■ Finally, we find equally untenable appellants' claim that the filing of their answer on June 13, 1974 excused them from alleging the discharge as an affirmative defense on the basis that the discharge decree was not entered until fifteen (15) months later, on September 18, 1975. Under Pa.R.C.P. No. 1033 "A party . . . may at any time . . . amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense." This provision has specifically been interpreted to permit a de-

5. 11 U.S.C. § 35(c)(1).

fendant to amend his answer by way of new matter to allege those defenses specified in Rule 1030. *Berman v. Herrick*, 424 Pa. 490, 227 A.2d 840 (1967). Thus, appellants had six months from the time of the decree of discharge on September 18, 1975, until the commencement of the trial on March 9, 1976, to utilize the amendment provisions of Rule 1033. Their failure to do so amounts to a waiver of the discharge defense under Rule 1032.

Accordingly, the decree of the lower court is affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.