411 A.2d 218

Jennie BABICH, Administratrix of the Estate of John J. Babick, a/k/a John J. Babich, Deceased, and Jennie Babich, Administratrix of the Estate of John J. Babick, a/k/a John J. Babich, Deceased, as Trustee Ad Litem for the next of kin of John J. Babick, a/k/a John J. Babich, Deceased, Appellants,

v.

Rudolph W. PAVICH, M. D., Laura Schrock, M. D., and Conemaugh General Memorial Hospital.

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed Sept. 26, 1979.

Petition for Allowance of Appeal Denied Jan. 29, 1980.

Neil R. Rosen, Pittsburgh, for appellants.

Robert G. Rose, Johnstown, for appellee Pavich, M. D.

James Francis O'Malley, Johnstown, did not file a brief on behalf of appellee Schrock, M. D.

Robert J. Pfaff, Altoona, did not file a brief on behalf of appellee Conemaugh General Memorial Hospital.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in concluding that appellee Rudolph W. Pavich, M. D., was "in the same employ" as appellant's decedent and thus insulated from civil liability under section 205 of the Pennsylvania Workmen's Compensation Act.[1] We disagree and, accordingly, affirm the order of the lower court.

On January 31, 1972, appellant's decedent was injured in the course of his employment with Bethlehem Steel Corporation (hereinafter Bethlehem), at its Johnstown, Pennsylvania plant. The decedent was treated at the plant medical dispensary by appellee Rudolph W. Pavich, M. D. (hereinafter appellee). After decedent's death, appellant instituted wrongful death and survival actions alleging, *inter alia*,[2] that appellee was negligent. On December 1, 1975, appellee filed a motion for summary judgment, stating that he was a full-time employee of Bethlehem and that, pursuant to section 205 of the Workmen's Compensation Act, he was not liable to appellant for injuries received by appellant's decedent as a result of his negligence. The lower court granted the motion for summary judgment.

Depositions of appellee and two supervisory employees of Bethlehem disclosed the following: Bethlehem requires its employees to use the plant dispensary if they are injured in the course of their employment. Employees are not charged for treatment. At the time appellant's decedent was injured, appellee worked full-time at Bethlehem's Johnstown plant dispensary and was a member of the industrial relations department. The company paid him a fixed salary and did not allow him to engage in private practice. He was required to work eight hours a day, five days a week. His

1. Act of June 2, 1915, P.L. 736, art. II, § 205, added by Act of August 24, 1963, P.L. 1175, No. 496, § 1; 77 P.S. § 72 (Supp. 1979–80).

2. Appellant also alleged negligence on the part of the other appellees. Dr. Pavich is the only appellee taking part in this appeal.

fringe benefits were the same as those of other supervisory personnel of Bethlehem. Appellee was the plant medical director, and the dispensary was under his control and supervision. He did not have authority to hire or fire personnel in the dispensary. Appellee was required to attend two supervisory meetings each week and one monthly meeting. Appellee's immediate supervisor, the head of the industrial relations department, did not supervise or control the manner and method of treating individual patients. Rather, the supervision and control over the treatment of individual patients was determined by appellee's independent medical judgment.

Section 205 of the Workmen's Compensation Act provides:

If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

Our Supreme Court has construed section 205 "as clearly phrased to protect all co-employes in all situations where negligent conduct of one employe may cause injury to a fellow employe, provided only that the injury in question is one that is compensable under the Act." *Apple v. Reichert*, 443 Pa. 289, 294, 278 A.2d 482, 485 (1961). "Since the language of [section 205] sets up a clear and simple test—'the same employ'—and such words as scope of employment and course of employment are not used, we are not free to speculate that a more restrictive intention was envisioned by the Legislature." *Id.*, 443 Pa. at 293, 278 A.2d at 484.

In *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968), our Supreme Court declared:

"While no hard and fast rule exists to determine whether a particular relationship is that of employer-employee or owner-independent contractor, certain guidelines have been established and certain factors are required to be taken into consideration:

"Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time." *Stepp v. Renn*, 184 Pa.Super. 634, 637, 135 A.2d 794, 796 (1957). *Id.*, 430 Pa. at 370, 243 A.2d at 392. Whether some or all of these factors are present in a given situation does not absolutely control the outcome; rather, "each case must be determined on in its own facts." *J. Miller Co. v. Mixter*, 2 Pa.Cmwlth. 229, 232, 277 A.2d 867, 869 (1971). "In ascertaining whether a person is an employee or an independent contractor, the basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged . . . ." *Green v. Independent Oil Co.*, 414 Pa. 477, 483, 201 A.2d 207, 210 (1964) (footnote omitted). An employer-employee relationship may be found even though "a particular occupation may involve such technical skill that the employer is wholly incapable of supervising the details of performance." *Potash v. Bonaccurso*, 179 Pa.Super. 582, 588, 117 A.2d 803, 806 (1955).

The Pennsylvania appellate courts have not previously decided whether a full-time salaried plant physician is "in the same employ" as a plant employee for purposes of section 205. Appellate courts in other jurisdictions facing this issue have held that the defendant plant physician is immune from civil liability because he is "in the same employ" as plaintiff under the Workmen's Compensation Act. *See, e. g., Bergen v. Miller*, 104 N.J.Super. 350, 250 A.2d 49 (App.Div.1969); *Jones v. Bouza*, 381 Mich. 299, 160 N.W.2d 881 (1968); *Garcia v. Iserson*, 33 N.Y.2d 421, 353 N.Y.S.2d 955, 309 N.E.2d 420 (1974). *See also Komel v. Commonwealth Edison Co.*, 56 Ill.App.3d 967, 14 Ill.Dec. 563,

372 N.E.2d 842 (1977); *Proctor v. Ford Motor Co.*, 36 Ohio St.2d 3, 302 N.E.2d 580 (1973).

 In the instant case, there is no dispute that the decedent's death is compensable under the Workmen's Compensation Act. Appellant contends that appellee is an independent contractor, and thus not protected from liability by section 205, because Bethlehem neither controls nor has the right to control appellee's physical conduct in the care and treatment of injured employees. Although the record does indicate that Bethlehem does not control the manner and method of treating patients, this fact alone is not controlling in determining whether appellee is an employee or independent contractor. The following facts point to the conclusion that appellee is an employee rather than an independent contractor: he worked for Bethlehem on a full-time basis; Bethlehem paid him a fixed salary and did not allow him to engage in private practice; his fringe benefits were the same as those received by Bethlehem's supervisory employees; and Bethlehem controlled the hours and number of days that appellee worked. Moreover, as pointed out in the lower court's opinion and in appellee's brief, were we to accept appellant's argument that the professional nature of appellee's position precludes him from being "in the same employ" as appellant's decedent because he must exercise independent professional judgment, then this same principle would extend to other full-time salaried professionals such as accountants, architects, attorneys, and engineers. We refuse to construe section 205 in such a manner to reach a result clearly not intended by the legislature. The determination of whether plant physicians and others in similar circumstances exercising independent professional judgment should be liable for their negligence must be left to the legislature. *See Apple v. Reichert, supra.* We therefore conclude that appellee was "in the same employ" as appellant's decedent and thus immune from civil liability for negligence under section 205.

Order affirmed.