445 A.2d 811

Harry BUDZICHOWSKI and Julia Budzichowski,
h/w, Appellants,

v.

The BELL TELEPHONE COMPANY OF PENNSYLVANIA,
Melvin J. Chisum, M.D., Peter J. Devine, M.D. and William L.
Dyson, M.D., Daniel Pisavo, D.O., participating party, Leonard
Caminitz, D.O., participating party.

Superior Court of Pennsylvania.

Argued Nov. 4, 1981.

Filed May 14, 1982.

Petition for Allowance of Appeal Granted Sept. 15, 1982.

George F. Schoener, Jr., Philadelphia, for appellants.

John J. Leonard, Philadelphia, for Bell Telephone, Chisum, and Devine, appellees.

William F. Sutton, Philadelphia, for Dyson, appellee.

William V. Coleman, Philadelphia, for Pisavo, participating party.

Jay J. Lambert, Philadelphia, for Caminitz, participating party.

Before SPAETH, BECK and LIPEZ, JJ.

BECK, Judge:

This appeal arises from a September 12, 1980 order granting appellees' motion for summary judgment. Appellant-husband, Harry Budzichowski, fell December 9, 1974 when he was attacked by a dog while on the job as a telephone installer. He reported to appellees Melvin J. Chisum, M.D. ("Chisum") and Peter J. Devine, M.D. ("Devine") who were employed by appellee Bell Telephone Company of Pennsylvania ("Bell") in its medical dispensary. Appellee doctors diagnosed appellant's injury as "hip strain" and possible "inguinal strain." The doctors gave appellant muscle relaxers, and he reported back to work.

In August, 1975, appellant consulted an orthopedic surgeon, who was not affiliated with Bell. That surgeon took x-rays and informed appellant that they revealed "aseptic necrosis" in the right femoral head. Plaintiff underwent a bone graft on his right femur.

Appellants, Henry and Julia Budzichowski, filed a complaint in trespass to recover personal injuries incurred by Harry Budzichowski when defendant doctors negligently diagnosed injuries resulting from a work-related incident. They named the two doctors and Bell Telephone as defendants.[1]

The three defendants filed a motion for summary judgment alleging that: 1) Chisum and Devine are full-time employees of Bell and are immune from personal liability

[1]. Appellants also named William L. Dyson, M.D. in their complaint. Dyson, however, is not an employee of Bell and did not file a motion for summary judgment. He neither filed a brief nor presented argument in this appeal.

under Section 205 of the Pennsylvania Workmen's Compensation Act ("Act"),[2] and 2) Bell is immune from liability under Section 303 of the Act, 77 P.S. § 481(a), since it is an employer.

The lower court granted summary judgment in a September 12, 1980 order. On October 1, 1980, Harry and Julia Budzichowski appealed from that order.

 Appellants first claim that appellees Chisum and Devine were not immune from liability as fellow employees under Section 205 of the Act when they committed malpractice.[3] That provision provides:

If disability or death is compensable under this act a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring *while such person was in the same employ* as the person disabled or killed, except for intentional wrong.

(Emphasis added.)

This court in *Babich v. Pavich*, 270 Pa.Super. 140, 144, 411 A.2d 218, 220–221 (1979) discussed the considerations in resolving the question of whether a full-time plant physician was "in the same employ" under the Act:

**2.** Act of June 2, 1915, P.L. 736, art. II, 205, added by Act of August 24, 1963, P.L. 1175, No. 496, § 1; 77 P.S. § 72 (Supp.1981–82).

**3.** Appellants contend that appellees Chisum and Devine failed to plead their immunity under the Act and therefore waived their defenses. They premise that claim upon the New Matter section of appellees' Answer to the Complaint in Trespass. In that section, appellees stated that appellants' claims were barred under the Act which is appellants' exclusive remedy. Appellants' Reply to New Matter stated that the Act was not a defense. That Reply makes it clear that appellants indeed had notice of Chisum's and Devine's claim of immunity under the Act. That they neglected to specifically cite Section 205 of the Act prior to their Motion for Summary Judgment will not constitute a waiver of that defense. Under Rule 1030 of the Pennsylvania Rules of Civil Procedure, a defendant intending to raise an affirmative defense must provide notice of that defense in her New Matter. *Birdman v. Medley*, 261 Pa.Super. 23, 395 A.2d 285 (1978). The Act provides such an affirmative defense. *Mackey v. Adamski*, 286 Pa.Super. 456, 429 A.2d 28 (1981). Appellees Chisum and Devine succeeded in providing notice of that defense in compliance with Rule 1030.

"In ascertaining whether a person is an employee or an independent contractor, the basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged...." *Green v. Independent Oil Co.*, 414 Pa. 477, 483, 201 A.2d 207, 210 (1964) (footnote omitted). An employer-employee relationship may be found even though "a particular occupation may involve such technical skill that the employer is wholly incapable of supervising the details of performance." *Potash v. Bonaccurso*, 179 Pa.Super. 582, 588, 117 A.2d 803, 806 (1955).

The Pennsylvania appellate courts have not previously decided whether a full-time salaried plant physician is "in the same employ" as a plant employee for purposes of section 205. Appellate courts in other jurisdictions facing this issue have held that the defendant plant physician is immune from civil liability because he is "in the same employ" as plaintiff under the Workmen's Compensation Act.

Appellants argue that since Bell could not control in any meaningful way the work of these doctors, they would fall under the rubric of "professional independent contractors" and would not be protected against a malpractice suit by the Act. The *Babich* court specifically held that physicians in the same situation were not independent contractors:

Although the record does indicate that Bethlehem does not control the manner and method of treating patients, this fact alone is not controlling in determining whether appellee is an employee or independent contractor. The following facts point to the conclusion that appellee is an employee rather than an independent contractor: he worked for Bethlehem on a full-time basis; Bethlehem paid him a fixed salary and did not allow him to engage in private practice; his fringe benefits were the same as those received by Bethlehem's supervisory employees; and Bethlehem controlled the hours and number of days that appellee worked.

*Id.,* 270 Pa.Superior Ct. at 145, 411 A.2d at 221. All of the above factors save one are present in the instant case. That missing factor is a prohibition against engaging in an outside practice. The absence of this factor, appellant alleges, "would militate against the entry of summary judgment." The significance of the fact that appellee doctors were not prevented by official company policy from engaging in outside practice eludes us, and we note that nothing in the record demonstrates that they practiced medicine elsewhere. The record does reflect, however, that appellee doctors did work a forty hour week in Bell's employ. Also, the physicians in *Babich* were under no supervision by others in the medical profession. In the instant case, Chisum and Devine were supervised by a Bell director who was also a physician. He had authority to remove patients from the care of physicians in the dispensary. Thus, we find the case for finding the physicians to be employees rather than independent contractors to be even stronger here than in *Babich.*

■ Next, appellants contend that the Act does not bar their claim against Bell because the injuries appellant-husband sustained did not arise "in the course of his employment." Appellants argue that since the injuries arose from the malpractice of the company physicians, they were new injuries not covered by the Act. The question, as presented by appellants, is whether a condition that results from negligent treatment of a compensable injury precludes liability outside of the Act. They argue that the causal link is too attenuated to be covered under the Act.[4]

4. Appellants also allege that since the malpractice occurred on December 9, 1974, nearly two months prior to amendments to the Act, the trial court committed reversible error in relying upon 77 P.S. § 481(a) and § 301(c) as raised in appellees' motion for summary judgment. Appellants are incorrect in the above statement as to the claims raised in appellees' motion for summary judgment. Appellees cited only Section 303 of the Act, 77 P.S. § 481(a), in asserting Bell's immunity from liability other than provided under the Act. It is true, of course, that the 1974 amendment of Section 303 was not in effect at the time of the alleged negligence, but prior case law necessitates the conclusion that Bell's liability would be circumscribed by the Act under prior law as well. In *Vogel v. Jones and Laughlin Corp.,* 221 Pa.Super. 157, 160–161, 289 A.2d 158 (1972), *allocatur denied,* this

The Pennsylvania Supreme Court answered that question in *Workmen's Compensation Appeal Board v. Ira Berger & Sons*, 470 Pa. 239, 368 A.2d 282 (1977) by holding that where a subsequent injury is caused by negligent treatment, it is compensable under the Act. It quoted *Hurchick v. Falls Twp. Bd. of Supervisors*, 32 Pa.D. & C.2d 729, 734–36, *affirmed per curiam on the opinion of the court below*, 203 Pa.Super. 1, 198 A.2d 356 (1964):

> "*Where claimant in good faith seeks medical treatment for his injury, and the medical treatment itself either aggravated the existing injury or causes new or additional injury, the law regards the latter as having been caused by the original accident.*"

*Berger & Sons*, 470 Pa. at 243, 368 A.2d at 284 (emphasis in original).

■ Appellants claim that Bell was acting, when the negligence was committed, not as employer, but rather in its "dual capacity" as provider of health care. Appellants cite Dean Larson's treatise on workmen's compensation law:

> Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.

2A Larson, Workmen's Compensation Law, Section 72.80, p. 14–112 (1976). Judge Hoffman applied the above doctrine in *Tatrai v. Presbyterian University Hospital*, 284 Pa.Super. 300, 425 A.2d 823 (1981), *petition for allowance of appeal granted.* In that case, an operating room technician became sick while at work and was directed by her supervisor to seek treatment in the hospital's emergency room. In addition, she was billed for those services. Ill or injured hospital

court held that where "plaintiff's initial injury was admittedly accidental and within the course of his employment and compensable under the Workmen's Compensation Law ... his claim for aggravation of the injury [due to negligence in providing medical services in employer's clinic] is also compensable...." *See also Baur v. Mesta Machine Co.*, 393 Pa. 380, 143 A.2d 12 (1958).

employees were ordinarily treated, as a matter of policy, in the free Employee Health Service. Judge Hoffman, in his dissent, distinguished this situation from cases in which an employee injures herself while at work and is treated in the company health care clinic where the attending physicians aggravate the initial injury:

> In those circumstances, the injured employee cannot bring a common law action against his employer. That result is proper because the only duties owed are those of employer to employee, and there is no reciprocal expectation on the part of the parties that the employer would provide the medical services to the employee absent the employment relationship. *See D'Angona v. County of Los Angeles*, 27 Cal.3d 661, 668 n.6, 613 P.2d 238, 243 n.6, 166 Cal.Rptr. 177, 182 n.6 (1980); *Garcia v. Iserson*, 33 N.Y.2d 421, 423, 309 N.E.2d 420, 421–422, 353 N.Y.S.2d 955, 957 (1974). In this case, however, the employer holds itself out to the public as a provider of medical services. Consequently, the parties now occupy different roles and the employer assumes new duties, which I believe, are enforceable in an action at law.

*Id.*, 284 Pa.Super. at 307–308, 425 A.2d at 827 (footnote deleted). We agree with Judge Hoffman's assessment of the "dual capacity" argument. In the instant case, appellant-husband could not have entertained any such expectation that Bell would provide medical services to him were he not employed there. This case is thus distinguishable from the facts in *Tatrai*. Here the liability of Bell for the negligence of Chisum and Devine is circumscribed by the Act.

■ Appellants contend finally that there was no "agreement" by Bell to accept liability under the Act. Appellees did allege in their motion for summary judgment, however, the exclusiveness of remedy under the Act. We note that 302(a) of the Act, 77 P.S. § 461, stated a conclusive presumption that the parties "have agreed to be bound [by the Act], unless there be, at the time of the making, renewal, or extension of such contract, an express agreement in writing

from either party to the other, that the provisions of ... this act are not intended to apply...." In addition, appellants did not raise the issue in their pleadings and accordingly waived it. "Plaintiff's failure to plead that the act had been duly rejected was tantamount to pleading that the parties had accepted the act as a part of the employment contract." *Hyzy v. Pittsburgh Coal Co.*, 384 Pa. 316, 319, 121 A.2d 85, 87 (1956) citing *Capozzoli v. Stone & Webster Eng. Co.*, 352 Pa. 183, 42 A.2d 524 (1945).

Appellants' exclusive remedy is that provided under the Act. We affirm the lower court order.