469 A.2d 111

**Harry BUDZICHOWSKI and Julia Budzichowski, h/w, Appellants,**

**v.**

**The BELL TELEPHONE COMPANY OF PENNSYLVANIA; Melvin J. Chisum, M.D.; Peter J. Devine, M.D.; and William L. Dyson, M.D.**

**Appeal of the BELL TELEPHONE COMPANY OF PENNSYLVANIA; Melvin J. Chisum, M.D.; and Peter J. Devine, M.D.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1983.

Decided Dec. 7, 1983.

Reargument Denied Feb. 3, 1984.

M. Mark Mendel, George F. Schoener, Jr., Philadelphia, for appellants.

John J. Leonard, James A. Young, Philadelphia, for appellees.

Before ROBERTS, C.J., and NIX, FLAHERTY, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

Harry and Julia Budzichowski brought this trespass action against appellees seeking damages for injuries allegedly caused by negligent medical treatment Mr. Budzichowski received at Bell's Medical Dispensary. Appellees filed a motion for summary judgment, claiming immunity under the Pennsylvania Workmen's Compensation Act. Common Pleas granted the motion and Superior Court affirmed. We granted appellants' petition for allocatur.

Two issues are involved in this appeal. First, is a physician who works in a plant medical dispensary a "person in the same employ as the person disabled" and thus immune from liability under Section 205 of the Pennsylvania Workmen's Compensation Act ("Act").[1]

Second, was Bell operating in a "dual capacity" as both a communications company and a provider of medical care when appellant, Harry Budzichowski, was treated, so that Bell is subject to liability despite the exclusive remedy provisions of Section 303 of the Act, as amended, 77 P.S. § 481(a).[2] Common Pleas and Superior Court held that Drs.

[1] The legislature added Section 205 to the Act of June 2, 1915, P.L. 736 by Act of August 24, 1963, P.L. 1175, No. 496, § 1, 77 P.S. § 72 (Supp.1983–84).

[2] Section 303, as amended, provides that:
(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or

Chisum and Devine were "persons in the same employ" as appellant and thus they were immune from suit, and that Bell was not operating in a "dual capacity" and thus appellants' exclusive remedy was under the Workmen's Compensation Act. We agree and affirm.

On December 9, 1974, appellant Harry Budzichowski, employed full-time as a telephone installer by Bell of Pennsylvania ("Bell") was injured when he fell attempting to ward off a dog. At the time of the injury, appellant was, "in the normal course of his employment", installing a telephone at a private residence. He reported to the Bell Medical Dispensary for treatment. Drs. Chisum and Devine examined appellant and diagnosed his condition as possible "inguinal strain" (strain to the groin and lower abdomen) and "hip strain." They gave appellant muscle relaxers and told him to report back to work.

Appellant continued to experience pain in his right hip area. In August, 1975, he consulted an orthopedic surgeon not affiliated with Bell, who diagnosed appellant's condition as "aseptic necrosis" (deterioration of the bone) in the head of his right femur. He ultimately underwent a bone graft operation on his right femur to alleviate the condition.

Appellants' complaint in trespass seeks damages for personal injuries allegedly incurred when Drs. Chisum and Devine negligently diagnosed and treated Harry Budzichowski's injuries. Bell is also named as a defendant.[3] Appellees' motion for summary judgment alleges that Chisum and Devine are full-time employees of Bell in the same employ as appellant and thus are immune from personal

otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108. "The 1974 amendment to Section 303 was not in effect at the time of the alleged negligence but prior case law necessitates the conclusion that Bell's liability would be circumscribed by that law as well." *Budzichowski v. Bell Telephone Company of Pennsylvania*, 299 Pa. Superior Ct. 392, 397 n. 4, 445 A.2d 811, 813 n. 4 (1982).

3. Appellants further named Dr. William L. Dyson in their complaint. He is not an employee of Bell and was not a party to the motion for summary judgment. He is not a party to this appeal.

liability, and that appellants' exclusive remedy is under the Workmen's Compensation Act.

Appellants first claim is that Drs. Chisum and Devine are not immune from liability as fellow employees under Section 205 of the Act for their commission of alleged malpractice. Section 205, 77 P.S. § 72 provides:

> If disability or death is compensable under this act a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring *while such person was in the same employ* as the person disabled or killed, except for intentional wrong.[4]

(Emphasis added). In *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968), this Court listed criteria to be used in determining whether a person was in the same employ as the injured person:

> While no hard and fast rule exists to determine whether a particular relationship is that of employer-employee or owner-independent contractor, certain guidelines have been established and certain factors are required to be taken into consideration:
>
> Control of manner work [sic] is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time. *Stepp v. Renn*, 184 Pa.Super. 634, 637, 135 A.2d 794, 796 (1957).

*Id.*, 430 Pa. at 370, 243 A.2d at 392.

■ None of these factors absolutely controls the outcome and each case must be determined on its facts. *Babich v. Pavich*, 270 Pa. Superior Ct. 140, 411 A.2d 218 (1979) citing *J. Miller Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229,

---

**4.** No allegation of intentional wrong has been made in this case.

232, 277 A.2d 867, 869 (1971). In *Babich* the Superior Court applied that standard to determine whether a plant physician was "in the same employ" as the injured worker. In considering the interplay between two factors, "employer's control" and "skill required for performance", the *Babich* court stated:

"In ascertaining whether a person is an employee or an independent contractor, the basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged...." *Green v. Independent Oil Co.*, 414 Pa. 477, 483, 201 A.2d 207, 210 (1964) (footnote omitted). An employer-employee relationship may be found even though "a particular occupation may involve such technical skill that the employer is wholly incapable of supervising the details of performance." *Potash v. Bonaccurso*, 179 Pa. Super. 582, 588, 117 A.2d 803, 806 (1955).

*Id.*, 270 Pa. Superior Ct. at 144, 411 A.2d at 220–221. *See also Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968); *Apple v. Reichert*, 443 Pa. 289, 278 A.2d 482 (1961).

Appellants contend that because Bell could not control the work of Chisum and Devine in any meaningful way, the doctors would be "professional independent contractors" not protected by the Act. The *Babich* court, discussing the status of a plant physician working for Bethlehem Steel, specifically addressed this argument, saying:

Although the record does indicate that Bethlehem does not control the manner and method of treating patients, this fact alone is not controlling in determining whether appellee is an employee or independent contractor. The following facts point to the conclusion that appellee is an employee rather than an independent contractor: he worked for Bethlehem on a full-time basis; Bethelehem [sic] paid him a fixed salary and did not allow him to engage in private practice; his fringe benefits were the same as those received by Bethlehem's supervisory em-

ployees; and Bethlehem controlled the hours and number of days that appellee worked.

270 Pa. Superior Ct. at 145, 411 A.2d at 221.

■ All of these factors but one are present in this case. Unlike the physician in *Babich*, Drs. Chisum and Devine are not prevented by company policy from engaging in outside practice. The record, however, shows that both worked a 40-hour week in the Bell dispensary and there is no evidence that either engaged in any other medical practice. Furthermore, unlike the doctor in *Babich*, Chisum and Devine were under the direct supervision of Bell's medical director, himself a physician, who had the authority to direct the type, manner, and extent of treatment of any patient and could transfer patients from the care of any doctor in the dispensary. Given this level of control by Bell, we agree with Superior Court that the case for finding that Drs. Chisum and Devine are employees rather than independent contractors is even stronger here than in *Babich*.[5]

Appellants next argue that Bell is not immune from suit under the exclusivity provisions of the Act, 77 P.S. § 481(a),[6] because when the negligence was committed, Bell was not acting as appellant's employer but in its "dual capacity" as a provider of health care. Appellants cite this Court's holding in *Tatrai v. Presbyterian University Hos-*

5. Appellant also argues that we should overrule *Babich* in the light of our decision in *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 439 A.2d 1162 (1982). He apparently reasons that, under his interpretation of *Tatrai,* Bell is not immune from suit and, therefore, neither are its negligent employees. His argument is in error. *Tatrai* allowed suit against the hospital, not against any treating physicians. Assuming, *arguendo,* that *Tatrai* does adopt the "dual capacity" doctrine and that it is applicable to this case, the fellow employee immunity provided by the Act, as elaborated in *Babich,* would remain a viable doctrine. *See Tatrai v. Presbyterian University Hospital,* 284 Pa. Superior Ct. 300, 425 A.2d 823 (1981) dissenting opinion of Hoffman, J., *id.,* 284 Pa.Superior Ct. at 307 n. 7, 425 A.2d at 829 n. 7. *Tatrai's* effect on Bell's liability is discussed in the text of this opinion, immediately succeeding.

6. 77 P.S. § 481(a) provides, in relevant part: The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employee....

*pital,* 497 Pa. 247, 439 A.2d 1162 (1982), where we reversed Superior Court's holding that a hospital employee's exclusive remedy for injuries received at the employer's hospital was with the Workmen's Compensation Board.

The "dual capacity" doctrine is succinctly defined by Dean Larson in his treatise on workmen's compensation law:

Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.

2A LARSON, WORKMEN'S COMPENSATION LAW, Section 72.80, p. 14–112 (1976). *See generally,* Annot., 23 A.L.R.4th 1151. In *Tatrai,* a majority of this Court found the "dual capacity" doctrine applicable to allow suit by an operating room technician against her employer hospital. The technician became ill while at work and was directed by her supervisor to seek treatment in the hospital's emergency room because there was no doctor on duty at the hospital's employee health service. She was injured when an x-ray table on which she had been placed collapsed. She was billed for these services. As Mr. Justice, now Chief Justice Roberts stated:

All that is relevant is that [Ms. Tatrai] was injured in the course of receiving treatment in [Presbyterian University Hospital's] emergency room, a facility serving the general public. In holding itself out to the public as a provider of medical services, appellee hospital owed a duty to all its patients. There is no basis for distinguishing [Ms. Tatrai], a paying customer, from any other member of the public injured during the course of treatment.

497 Pa. at 255–256, 439 A.2d at 1166.

■ Superior Court here, relying on Judge Hoffman's dissent in *Tatrai,* distinguished appellants' situation from the situation in *Tatrai.* We agree. In *Tatrai,* the controlling factor was that the employee went to and was injured

in the emergency room which served the general public. Thus, there was "no basis for distinguishing [Ms. Tatrai] from any other member of the public injured during the course of treatment." 497 Pa. at 255–256, 439 A.2d at 1166 (concurring opinion by Roberts, J. in which O'Brien, C.J. and Larsen and Flaherty, JJ. joined). The treatment received by appellant at the Bell dispensary was not available to the general public and would not have been available to appellant but for his employment relationship with Bell. In *Tatrai*, Judge Hoffman summarized the distinction between *Tatrai*-type situations and the more common situation of an employee receiving treatment in a plant dispensary:

> In those circumstances, [plant dispensaries] the injured employee cannot bring a common law action against his employer. That result is proper because the only duties owed are those of employer to employee, and there is no reciprocal expectation on the part of the parties that the employer would provide the medical services to the employee absent the employment relationship. *See D'Angona v. County of Los Angeles*, 27 Cal.3d 661, 668 n. 6, 613 P.2d 238, 243 n. 6., 166 Cal.Rptr. 177, 182 n. 6 (1980); *Garcia v. Iserson*, 33 N.Y.2d 421, 423, 309 N.E.2d 420, 421–422, 353 N.Y.S.2d 955, 957 (1974). In this case [*Tatrai*], however, the employer *holds itself out to the public as a provider of medical services*. Consequently, the parties now occupy different roles and the employer assumes new duties, which I believe, are enforceable in an action at law.

284 Pa. Superior Ct. at 307–308, 425 A.2d at 827 (dissenting opinion of Hoffman, J.) (footnote omitted) (emphasis added). This distinction applies equally well in the present case. Bell was not operating in a "dual capacity," but rather only in its capacity as employer of appellant. Thus Bell's liability is circumscribed by the Act.

Appellants' exclusive remedy for Harry Budzichowski's work-related injuries is that provided by the Workmen's Compensation Act. The entry of summary judgment in

favor of Drs. Chisum and Devine and Bell was proper.   We, therefore, affirm the order of Superior Court.

McDERMOTT, J., did not participate in the consideration or decision of this case.