473 A.2d 167

**George KINLOCH, III, Appellant,**

**v.**

**Habib TONSEY, M.D.**

Superior Court of Pennsylvania.

Argued June 21, 1982.

Filed March 2, 1984.

Lee A. Solomon, Philadelphia, for appellant.

Thomas L. Delevie, Philadelphia, for appellee.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

478

McEWEN, Judge:

This is an appeal from an order granting summary judgment[1] in favor of appellee, Habib Tonsey, M.D., on the grounds that Dr. Tonsey was immune from suit under the provisions of Section 205 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 72.[2] We affirm.

Appellant, George Kinloch, sustained an injury to his right leg while engaged in duties within the course and scope of his employment as a rigger for the Budd Company at the company plant located at 2450 West Hunting Park Avenue, Philadelphia.[3] Appellant proceeded to the Budd Company medical dispensary, located on the premises of the plant, where he was treated by Dr. Habib Tonsey, the Medical Director of the Budd Company. Dr. Tonsey concluded that appellant had sustained a contusion of the right thigh, prescribed daily whirlpool baths, wrapped the area with an Ace bandage and restricted appellant's activities to limited walking and standing. Appellant was directed to return to work and was examined and treated at the Budd Company medical dispensary over the course of the next two months[4]. On February 12, 1978, appellant was admitted to Thomas Jefferson University Hospital by a private

1. Judgment was entered against appellant, George Kinloch, III, on October 21, 1981.

2. The legislature added Section 205 to the Act of June 2, 1915, P.L. 736, by the Act of August 24, 1963, P.L. 1175, No. 496, Section 1, 77 P.S. § 72 (Supp. 1983–84). This Section provides:
   **Liability of fellow employe**
   If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

3. Appellant was injured on December 23, 1977, when a coil weighing approximately 1,000 pounds fell against his right leg. There is no dispute that the injury sustained by appellant is compensable under the Workmen's Compensation Act.

4. Appellant was seen by Dr. Tonsey as well as other plant physicians on these visits to the dispensary.

physician for quadriplastic repair of the ruptured rectus musculotendinous unit of his right leg.

Appellant subsequently filed a complaint in trespass against Dr. Tonsey seeking damages for personal injuries allegedly incurred when Dr. Tonsey negligently diagnosed and treated appellant's injury. Dr. Tonsey filed an answer and raised, *inter alia*, by way of new matter, his immunity from suit under the applicable provisions of the Pennsylvania Workmen's Compensation Act. Discovery was conducted and depositions and affidavits filed of record. Dr. Tonsey filed a motion for summary judgment on October 14, 1980, on the grounds that as a co-employee of appellant, he was immune from suit under the Workmen's Compensation Act. The motion for summary judgment filed by Dr. Tonsey was granted on September 22, 1981, on the basis of Dr. Tonsey's immunity under Section 205 of the Workmen's Compensation Act. Appellant argues on appeal[5] that the trial court erred in concluding that Dr. Tonsey was an employee rather than an independent contractor of the Budd Company because Dr. Tonsey (1) had complete and unfettered control over the manner in which he performed his duties; (2) maintained an office for the private practice of medicine not connected with the Budd Company; (3) worked for area hospitals on certain nights and weekends for which the hospitals paid him; and (4) earned a substantial portion, approximately one-third, of his income from sources other than the Budd Company.[6]

Appellant argues that Dr. Tonsey's substantial income from part-time employment at area hospitals and a private physician's office, in light of the doctor's complete control

5. The instant appeal was argued on June 21, 1982. We have, however, delayed decision in this case pending the decision of the Supreme Court in *Budzechowski v. The Bell Telephone Company of Pennsylvania*. The Supreme Court issued an opinion in Budzichowski on December 7, 1983.

6. The standard to be utilized by the trial court in ruling upon a motion for summary judgment is ably discussed in the opinion of our distinguished colleague Judge John G. Brosky for the court en banc in *Christman v. Dravo Corporation*, 319 Pa.Super. 378, 380–381, 466 A.2d 209, 210 (1983).

over the manner and method of his treatment of Budd employees, precludes a determination that Dr. Tonsey was a co-employee for purposes of immunity under Section 205. The trial court concluded, as a matter of law, that Dr. Tonsey was a co-employee of appellant based upon the following undisputed facts: (1) Dr. Tonsey worked from 8:00 a.m. to 4:00 p.m. five days per week; (2) the doctor was paid a monthly salary by the Budd Company as well as standard fringe benefits which included a Blue Cross/Blue Shield plan, dental and prescription eyeglass plan, vacation, life insurance and an investment plan; (3) the outside employment or "moonlighting" was conducted by the doctor only on nights and weekends and he was paid for his services directly by Dr. Lavofson and the respective hospitals.

In ascertaining whether a plant physician is "in the same employ" as the injured worker, no one factor "absolutely controls the outcome and each case must be determined on its facts." *Budzichowski v. The Bell Telephone Company of Pennsylvania*, 503 Pa. 160, 164, 469 A.2d 111, 113 (1983). *See also Babich v. Pavich*, 270 Pa.Super. 140, 144, 411 A.2d 218, 220 (1980). " '[T]he basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged .... ' *Green v. Independent Oil Company*, 414 Pa. 477, 483, 201 A.2d 207, 210 (1964) (footnote omitted). An employer-employee relationship may be found even though 'a particular occupation may involve such technical skill that the employer is wholly incapable of supervising the details of performance.' *Potash v. Bonaccurso*, 179 Pa.Super. 582, 588, 117 A.2d 803, 806 (1955)." *Budzichowski v. The Bell Telephone Company of Pennsylvania*, *supra*, 503 Pa. at 165, 469 A.2d at 113, *quoting Bavich v. Pavich*, *supra* 270 Pa.Super. at 144, 411 A.2d at 220–221.

Section 205 clearly provides immunity for an employee for his negligent acts within the course and scope of his

employment which injure a co-employee. The term "employee" for purposes of the Workmen's Compensation Act includes

[a]ll natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer, and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished or repaired, or adapted for sale in the worker's own home, or on other premises, not under the control or management of the employer. Every executive officer of a corporation elected or appointed in accordance with the charter and by-laws of the corporation, except elected officers of the Commonwealth or any of its political subdivisions, shall be an employe of the corporation except as hereinafter provided in sections 302(c), 305 and 321.

77 P.S. § 22 (footnote omitted).

There is no allegation or suggestion that Dr. Tonsey's employment was "casual" or not within the regular course of the Budd Company's business. Rather, appellant relies upon the fact that this court in *Babich v. Pavich, supra,* noted, that the fact that the physician in *Babich* was prohibited from engaging in any outside practice was a factor to be considered in determining whether he as an "employee". The trial court in ruling upon appellee's motion for summary judgment recognized that the plant physician in *Babich v. Pavich, supra,* was prohibited from engaging in any outside practice but held that this difference alone was insufficient to prevent application of the rationale of *Babich* to the instant case. We agree. In *Babich,* this Court found the plant physician to be a co-employee rather than an independent contractor based upon the following factors: "[The plant physician] worked for Bethlehem on a full-time basis; Bethlehem paid him a fixed salary and did not allow him to engage in private practice; his fringe

benefits were the same as those received by Bethlehem's supervisory employees; and Bethlehem controlled the hours and number of days that appellee worked." *Id.*, 270 Pa.Superior Ct. at 145, 411 A.2d at 221.

While the Superior Court in *Babich* noted, as a factor to be considered, the prohibition against outside employment, the plant physicians in *Budzichowski v. The Bell Telephone Company of Pennsylvania, supra,* were not prohibited from engaging in outside practice, although the record upon which the trial court granted summary judgment provided "no evidence that either [physician] engaged in any other medical practice." *Id.*, 503 Pa. at 166, 469 A.2d at 113. The Supreme Court found the absence of a prohibition against outside practice insufficient to preclude a finding that the physicians were co-employees of the appellant, especially in light of the fact that both physicians were subject to the control and direction of the company's medical director.

■ We are persuaded that in the instant case Dr. Tonsey was properly found to be a co-employee, immune from suit under the Workmen's Compensation Act, in spite of the fact that he was employed by a private physician and several hospitals on nights and weekends. Dr. Tonsey was employed by the Budd Company as its medical director, a position which required that he be present on the plant premises from 8 a.m. until 4 p.m. every weekday. He was compensated in the same manner as other full-time employees and worked similar hours. Dr. Tonsey did engage in the practice of medicine as a private physician on nights and weekends and received substantial income from such "moonlighting". Dr. Tonsey's outside employment, however, which was conducted only during periods and in locations not connected in any way with his employment as medical director of the Budd Company, was separate and distinct from his full-time responsibilities as Medical Director for the Budd Company, and was not in any way relevant to his treatment of appellant at the medical dispen-

sary of the Budd Company. *See and compare Apple v. Reichert,* 443 Pa. 289, 278 A.2d 482 (1971). We decline to find, as urged by appellant, that such "moonlighting" in conjunction with the absence of any control by the Budd Company over the *manner* in which Dr. Tonsey treated employees provided a sufficient basis to conclude that appellee was an independent contractor. Rather, we are persuaded by the cogent analysis provided by our eminent colleague, Judge J. Sydney Hoffman:

> "[W]ere we to accept appellant's argument that the professional nature of appellee's position precludes him from being 'in the same employ' as appellant [ ] because he must exercise independent professional judgment, then this same principle would extend to other full-time salaried professionals such as accountants, architects, attorneys and engineers. We refuse to construe section 205 in such a manner to reach a result clearly not intended by the legislature. The determination of whether plant physicians and others in similar circumstances exercising independent professional judgment should be liable for their negligence must be left to the legislature. *See Apple v. Reichert, supra.* We therefore conclude that appellee was 'in the same employ' as appellant's decedent and thus immune from civil liability for negligence under section 205."

*Babich v. Pavich, supra,* 270 Pa.Superior Ct. at 144, 411 A.2d at 221. *See also Proctor v. Ford Motor Co.,* 36 Ohio St.2d 3, 302 N.E.2d 580 (1973); *Bergen v. Miller,* 104 N.J.Super. 350, 250 A.2d 49 (1969); *Anno.,* Right to Maintain Malpractice Suit Against Insured Employees Attending Physician notwithstanding Employer's Receipt of Workmen's Compensation Award, 28 ALR3d 1066 (1969); *Anno.,* Right to Maintain Direct Action Against Fellow Employee for Injury or Death Covered by Workmen's Compensation, 21 ALR3d 845 (1968).

The order of the learned Judge Murray C. Goldman is hereby affirmed.