517 A.2d 564

**John D. PAVLEK and Billie D. Pavlek, His Wife, Appellants,**

**v.**

**FORBES STEEL AND WIRE CORPORATION.**

Superior Court of Pennsylvania.

Argued June 5, 1986.

Filed Nov. 3, 1986.

Patrick J. Shannon, Pittsburgh, for appellants.

Charles Kirshner, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

This is an appeal from an order of the trial court granting summary judgment in favor of the Appellee, Forbes Steel and Wire.

The Appellant was injured on the job at Forbes Steel and Wire plant in Canonsburg. His injury was sustained as a result of working on a defective machine which was manufactured by his employer, Forbes Steel and Wire. Mr. Pavlek applied for, and received, workers compensation benefits.

The instant case is a products liability action in which Mr. Pavlek has sought to recover damages from his employer who is also the manufacturer of the machine which caused his injury. The employer was granted summary judgment

on the grounds of exclusivity of the workers compensation remedy. Mr. Pavlek filed this appeal, arguing that summary judgment was improper as a matter of law. He urges us to find that he has a cause of action against his employer in products liability, basing his argument on the dual capacity doctrine.

■ Under the dual capacity doctrine, an employer who is normally shielded from tort liability by the exclusive remedy of the workers compensation law may become liable in tort to his employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer. LARSON WORKMAN'S COMPENSATION LAW, § 72.80 (1976). As the Appellant points out in his brief, in some jurisdictions an employee is permitted to take a products liability action against his employer under the dual capacity doctrine. *See*, Annot., 23 A.L.R. 4th, 1151 (1983).

The Appellant cites *Tatrai v. Presbyterian University Hospital*, 497 Pa. 247, 439 A.2d 1162 (1982) for the proposition that he is entitled to recover in a tort action against his employer. In that case, Mrs. Tatrai was an operating room technician employed by Presbyterian Hospital. While on duty she became ill and was sent by her supervisor to the hospital's emergency room where she suffered injuries when the x-ray table she was on collapsed. The Pennsylvania Supreme Court in that case found that workers compensation was not Mrs. Tatrai's exclusive remedy because her presence in the emergency room was not in furtherance of the affairs of her employer and was not required by reason of her employment. The Court noted that there was no reason to distinguish Tatrai from any other member of the general public injured in the course of treatment. *Tatrai*, 497 Pa. at 255, 439 A.2d at 1166.

■ We would distinguish the facts in the instant appeal from the circumstances which allowed a tort action in the *Tatrai* case. Here, Mr. Pavlek was injured while operating a machine in furtherance of the affairs of his employer and there is no dispute that this activity was required by reason

of his employment. *See: Shelly v. Johns-Manville Corp.,* 798 F.2d 93 (3rd Cir.1986).

In the recent case of *Budzichowski v. Bell Telephone Co.,* 503 Pa. 160, 469 A.2d 111 (1983), the Pennsylvania Supreme Court found workers compensation was the exclusive remedy for a worker who was injured on the job, and who subsequently attempted to recover from the Bell Telephone Dispensary physicians who negligently diagnosed and treated his work-related injuries. The *Budzichowski* Court applied a "but for" test in finding that workers compensation was Budzichowski's exclusive remedy. That Court stated, "The treatment received by Appellant at the Bell dispensary was not available to the general public and would not have been available to Appellant but for his relationship with Bell." *Budzichowski,* 503 Pa. at 168, 469 A.2d at 115.

Applying this test to the case before us, it is clear that but for his relationship with Forbes Steel and Wire, Mr. Pavlek would not have been injured. We find that workers compensation is Mr. Pavlek's exclusive remedy and that summary judgment was properly granted in favor of Forbes Steel and Wire.

Order affirmed.