## Ream v. Delerme

160

*Kimberly M. Kubista,* for plaintiff.
*James F. O'Malley,* for defendant.

REILLY, *P.J.,* January 24, 1989—Plaintiff was injured in a work-related accident and commenced receiving workmen's compensation benefits. Following surgery, he was subsequently examined by defendant who was retained by the workmen's compensation carrier for plaintiff employer. During the course of the examination the doctor allegedly applied pressure to the site of plaintiff's fracture (left zygomatic arch) causing severe pain. Plaintiffs further allege in their complaint that despite Edward L. Ream's protestations, defendant continued to apply pressure to the fractured site with sufficient force to refracture the left zygomatic arch which was in the process of healing.

Defendant has filed a motion for summary judgment alleging that defendant is immune from liability as his sole duty to use professional skill and ability runs to the workmen's compensation carrier that engaged his services.

Plaintiff argues that defendant's conduct constituted a battery and negligence. This court agrees with plaintiffs herein and denies defendant's motion for summary judgment.

In the instant case, viewing the well-pled facts in a light most favorable to plaintiffs, it appears that defendant was an independent contractor engaged by the workmen's compensation carrier for plaintiff's employer to ascertain his then-current physical condition and further that during the course of the examination defendant reinjured plaintiff. This is not a situation wherein the carrier's doctor made incorrect conclusions in his medical report to the carrier which thereafter resulted in injuries to plaintiff as occurred in defendant's cited case of *Craddock v. Gross,* 350 Pa. Super. 575, 504 A.2d 1300

(1986), but involved a situation wherein additional injuries were caused directly by defendant. Moreover, this court is of the opinion that defendant's effort to escape liability on the basis of *Budzichowski v. Bell Telephone Co.*, 229 Pa. Super. 392, 445 A.2d 811 (1982) is misplaced. In that case the employee sought to recover damages for an alleged negligent act on behalf of physicians who were employed in defendant's dispensary and the court held that the physicians were employees rather than independent contractors and, therefore, under the Workmen's Compensation Act were not answerable in damages.

In like manner, defendant relying on *Workmen's Compensation Appeal Board v. Berger & Sons,* 470 Pa. 239, 368 A.2d 282 (1977) is, in the opinion of this court, misplaced. In *Berger* the court held that after the employee, who had been injured in a work-related accident, had voluntarily sought treatment from a chiropractor which totally disabled him, he still would be eligible for workmen's compensation benefits. In *Berger,* however, the employee sought treatment from a chiropractor of his choice contrary to the present case wherein the employee was directed by the insurance carrier to submit to the instant examination. Further, the *Berger* case did not designate the Workmen's Compensation Act as the exclusive remedy. It merely prevented the employer from terminating compensation under the circumstances of that case.

Wherefore, the court enters the following

## ORDER

Now, January 24, 1989, it is the order of this court that defendant's motion for summary judgment be and is hereby dismissed.