458 A.2d 246

**Felice SILVESTRI and Concettina Silvestri, Appellants,**

**v.**

**STRESCON INDUSTRIES, INC.**

Superior Court of Pennsylvania.

Argued June 3, 1982.

Filed March 31, 1983.

Michael F. Eichert, Philadelphia, for appellants.

John Patrick Kelley, Philadelphia, for appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

Appellant Felice Silvestri was injured when, while working on a building under construction, he fell through a hole in a concrete floor manufactured by Appellee Strescon. Appellant was employed by Strescon as a carpenter at the time of the accident.

Appellants sued Strescon for damages arising from the accident, alleging Strescon's negligence in failing to, inter

alia, warn Appellant Felice Silvestri of the abnormally dangerous condition of the opening in the floor and in negligently directing and supervising the design, fabrication, manufacture and installation of the concrete floor.[1]

Appellee Strescon moved for summary judgment, alleging that the Pennsylvania Workmen's Compensation Act (the Act)[2] was Appellant's sole and exclusive remedy.

Appellants on appeal allege that an action for personal injuries, by an employee against his employer, should not be barred where the injuries resulted from an accident at the employer's work place and where the claim is based on the employer's defective design or manufacture of a product sold to the public at large and in use by the employee at the time of the accident.

■ This theory of liability is generally known as the "dual capacity doctrine" which states that an employer, normally shielded from tort liability by the exclusive remedy principle of workmen's compensation, may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as an employer. 2A A. Larson, *The Law of Workmen's Compensation* § 72.80 at 14–112 (1976). *See also Budzichowski v. Bell Tel. Co.*, 299 Pa.Super. 392, 445 A.2d 811 (1982).

The Pennsylvania supreme court has held that a hospital employee, who becomes ill while on the job, and who is directed by her supervisor to go to the emergency room to seek medical attention, is not barred by the exclusivity provision of the Act from pursuing an action for injuries received in the emergency room due to defective equipment employed therein. *Tatrai v. Presbyterian University Hospital*, 497 Pa. 247, 439 A.2d 1162 (1982). A plurality of the court, through the concurring opinion of now CHIEF JUS-

1. We note that part of Appellant's duties involved preparation of wooden covers for the various openings in the concrete floor.

2. Act of June 2, 1915, P.L. 736, art. 1, § 101 *et seq.*, as amended. 77 P.S. § 1 *et seq.*

TICE ROBERTS held that the only relevant fact was that the employee was injured in the course of receiving treatment in the hospital's emergency room which was a facility serving the general public. Since the hospital's emergency room owed a duty of care to all its patients, the issue could be decided without regard to the Act.

█ In the instant case, Appellant was injured while working with Strescon's "product", the concrete floor. The "dual capacity" alleged by Appellants would be Strescon's status as producer and vendor of a consumer product, namely structural concrete products, such as the concrete floor.

However, Appellant Felice Silvestri was not involved in an activity related to Strescon's "dual capacity" in the instant case. The concrete floor had been manufactured by Strescon to be installed by Strescon directly and not to be sold to the general public. There is no relationship, on the instant facts, between Strescon's activities in the manufacture and sale of its goods to the general public and Appellant's injuries received while installing Strescon's product directly, as an employee of Strescon. Therefore, the exclusivity provisions of the Act[3] apply to the instant case.

The order of October 28, 1981 is affirmed.