465 A.2d 1069

**Kurt KOSOWAN and Regina Kosowan, Appellants,**

v.

**MDC INDUSTRIES, INC. and Hall-Woolford Wood Tank Company, Inc.**

Superior Court of Pennsylvania.

Argued April 5, 1983.

Decided Sept. 16, 1983.

Petition for Allowance of Appeal Denied Jan. 16, 1984.

Charles S. Lieberman, Philadelphia, for appellants.

Jerome Gerber, Philadelphia, for MDC, appellee.

Earl T. Britt, Philadelphia, for Hall-Woolford, appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Kurt Kosowan, an employee of Hall-Woolford Wood Tank Company, Inc. (Hall-Woolford), sustained personal injuries when he fell through a rotted portion of a wooden platform surrounding a water tank which his employer had contracted to dismantle. He and his wife filed an action in trespass against MDC Industries, Inc., the owner of the water tank, and also against Hall-Woolford. The trial court sustained preliminary objections in the nature of a demurrer filed by Hall-Woolford on grounds that an action by an employee against his employer is barred by Section 303(a) of the Workmen's Compensation Law of June 2, 1915, as amended,

77 P.S. § 481(a). On appeal, Kosowan argues that Hall-Woolford should be subject to a common law tort action because it had negligently designed and installed the tank and platform whose "design, manufacture, assembly, inspection, testing, use, sale and maintenance" had caused a defective and unsafe condition.[1] We reject this argument and affirm the order entering judgment in favor of Hall-Woolford.

▪ Preliminarily, we are constrained to observe that immunity from suit is an affirmative defense which, according to Pa.R.C.P. 1030,[2] must be pleaded as "New Matter" in

1. The complaint contained averments that Hall-Woolford's negligence consisted of the following:

(a) failing to so design, construct, assemble, inspect, test or maintain said wood tank platform so that it had a safety net around its perimeter and so that the platform would not lapse into a rotted condition;

(b) failing to anticipate that in the normal course of operation the wood tank platform would possibly be rotted, causing an imminently dangerous condition for those such as plaintiff;

(c) failing to warn of the inherent dangers of the wood tank platform as aforesaid;

(d) failing to provide adequate warning as to the danger foreseeable when the platform was constructed and/or modified and/or maintained that the wood could lapse into a rotted condition;

(e) failing to provide plaintiff with a safety belt;

(f) failing to advise and warn of the availability of certain safety devices that would have lessened or prevented injury to plaintiff, Kurt Kosowan, the lack of which rendered the platform unreasonably dangerous;

(g) failing to comply with the applicable OSHA regulations;

(h) by being liable to plaintiff, Kurt Kosowan, pursuant to the doctrine of Res Ipsa Loquitur;

(i) by allowing its workers in general and plaintiff in particular to work on the said wood tank platform and walkway without adequate inspection as to its safety and susceptibility to rot and collapse when it knew, or in the exercise of reasonable inspection should have known, that it would not collapse, imperiling the safety and lives of its workmen and plaintiff;

(j) by being otherwise negligent.

2. Pa.R.C.P. 1030, made applicable to trespass actions by Pa.R.C.P. 1041, provides:

All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel failure of consideration, fraud, illegality, *immunity from suit*, impossibility of performance, laches, li-

an answer. See: *Budzichowski v. Bell Telephone Company of Pennsylvania*, 299 Pa.Super. 392, 395 n. 3, 445 A.2d 811, 812 n. 3 (1982); *Mackey v. Adamski*, 286 Pa.Super. 456, 466, 429 A.2d 28, 33 (1981); *Turner Construction Company v. Hebner*, 276 Pa.Super. 341, 347, 419 A.2d 488, 490 (1980). Kosowan, however, has not challenged the propriety of Hall-Woolford's use of preliminary objections to assert the defense of immunity from suit; and, therefore, he has waived the right to object. See: *Duquesne Slag Products Co. v. Lench*, 490 Pa. 102, 105, 415 A.2d 53, 54 (1980); *Rufo v. The Bastian-Blessing Co.*, 417 Pa. 107, 114, 207 A.2d 823, 826 (1965); *Swartz v. Masloff*, 62 Pa.Cmwlth. 522, 525, 437 A.2d 472, 474 (1981); *Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies, Inc.*, 32 Pa.Cmwlth. 313, 316, 379 A.2d 330, 332 (1977). Cf. *Stein v. Richardson*, 302 Pa.Super. 124, 139–140, 448 A.2d 558, 566 (1982).

■ Kosowan does not dispute that his injury arose within the course and scope of his employment and was directly related thereto. Rather, he contends that Hall-Woolford in the present situation possesses two separate identifies or capacities: (1) that of an employer which is immune from suit by virtue of the Workmen's Compensation Act; and (2) that of a seller of goods to the general public which enjoys no immunity from suit. He urges us to adopt the "dual capacity" doctrine and permit suit against Hall-Woolford in its capacity as manufacturer of a defective product. Under the dual capacity doctrine, recognized in a small minority of states, " 'an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.' 2A, Larson, *Law of Workmen's Compensation*,

cense, payment, release, res judicata, and waiver and, unless previously raised by demurrer and sustained, the defenses of statute of frauds and statute of limitations, shall be pleaded in a responsive pleading under the heading "New Matter." A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading. (emphasis added).

§ 72–80, at p. 14–112. The rationale behind the dual capacity theory ... is that the existence of an employment relationship between the injured party and the manufacturer of the product causing the injury is of reduced importance when viewed in the context of a products liability action.... [T]he theory reasons that since the employer is also the manufacturer of the product which allegedly caused injury and which would thus give rise to products liability were it not for the existence of the employment relationship, liability ought not to be avoided merely because of that employment relationship." *Kohr v. Raybestos-Manhattan, Inc.*, 522 F.Supp. 1070, 1073 (E.D.Pa.1981). See also: *Silvestri v. Strescon Industries, Inc.*, 312 Pa.Super. 82, 84, 458 A.2d 246, 247 (1983); *Budzichowski v. Bell Telephone Company of Pennsylvania, supra* 299 Pa.Super. at 398, 445 A.2d at 814; Anno., Workmen's Compensation Act as Furnishing Exclusive Remedy for Employees Injured by Product Manufactured, Sold, or Distributed by Employer, 9 A.L.R. 4th 873 (1981).

■ Section 303(a) of the Pennsylvania Workmen's Compensation Act provides: "the liability of an employer under this act *shall be exclusive* and in place of *any and all other liability* to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of .any injury or death ...." 77 P.S. § 481(a) (emphasis supplied). See also: *Bigley v. Unity Auto Parts, Inc.*, 496 Pa. 262, 273, 436 A.2d 1172, 1178 (1981). Injury is defined by the Act as:

"an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from·such injury and its resultant effects, and occurring within three hundred weeks after the injury. The term 'injury arising in the

course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; *but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon,* sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

77 P.S. § 411(1) (emphasis supplied).

"A straightforward reading of the Act demonstrates that there are only *two* requirements for compensability—(1) that the injury arose in the course of employment and (2) that the injury was related to that employment." *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 120, 439 A.2d 627, 630 (1981) (emphasis in original). Accord: *Halaski v. Hilton Hotel,* 487 Pa. 313, 318, 409 A.2d 367, 369 (1979); *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board,* 66 Pa.Cmwlth. 393, 394, 444 A.2d 837, 838 (1982). We cannot disregard the clear and unambiguous language of the Act which provides that where injury to an employee arises within the scope of his employment and is related thereto, "the liability of an employer ... shall be exclusive and in place of any and all other liability to such employes...." 77 P.S. § 481(a).

Kosowan's reliance upon *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 439 A.2d 1162 (1982) is misplaced. The question for determination in that case was "whether the injury [had] occurred in the course of the

employment." *Id.*, 497 Pa. at 250, 439 A.2d at 1163. The Supreme Court observed that "Ms. Tatrai's presence in the emergency room was not in furtherance of the affairs of her employer and was not required by reason of her employment." Therefore, the Court held, "Workmen's Compensation [was] not her exclusive remedy." *Id.*, 497 Pa. at 255, 439 A.2d at 1166. It is apparent, therefore, that in holding Ms. Tatrai's employer not immune from suit, the Court relied upon the conclusion that the Workmen's Compensation Act did not apply to Ms. Tatrai's injuries. It did not adopt generally the doctrine of dual capacity.

 In contrast to the facts of *Tatrai*, Kosowan was injured while engaged in the furtherance of the business of Hall-Woolford. His injuries resulted from a condition of the very premises upon which he was required to perform the duties of his employment. His injury, therefore, was precisely the type of injury which the legislature intended to include within the exclusive remedy provisions of the Workmen's Compensation Act.

 "Among the common law duties placed on an employer was the responsibility to provide a safe place to work as well as safe appliances, tools, and equipment for work. An employer was also required to give warnings of hidden dangers to employees and to promulgate and enforce rules for the conduct of employees which would make the work place safe. See: W. Prosser, Torts § 80 (4th ed. 1971)." *Longever v. Revere Copper and Brass Incorporated,* 381 Mass. 221, 223–224, 408 N.E.2d 857, 859 (1980). An employee injured as a result of a breach of duty by his employer could sue his employer in tort, but due to the defenses available to the employer, the employee's likelihood of recovery was not always great. The Legislature, in response, enacted the Workmen's Compensation Act to provide employees with compensation for injuries sustained within the scope of their employment. In exchange for the right to

compensation without the burden of establishing fault, employees gave up their right to sue the employer in tort for injuries received in the course of employment. See: *Spidle v. Livingston Construction Co., Inc.,* 311 Pa.Super. 201, 206, 457 A.2d 565, 567 (1983). The Workmen's Compensation Act has not relieved the employer of a duty to provide a safe working environment for his employees. It has simply eliminated the employee's right to maintain a tort action for such injuries in exchange for what the Legislature perceived to be a more equitable and certain system of compensation. The fact that Kosowan's employer owed a duty to the general public as a manufacturer and retailer of goods is not alone sufficient to create an exception to the provisions of the Workmen's Compensation Act which provide that employers are immune from their employees' suits for injuries arising within the course and scope of employment. See and compare: *Kohr v. Raybestos-Manhattan, Inc., supra; Wagner v. National Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980); *Tsarnas v. Jones & Laughlin Steel Corporation,* 488 Pa. 513, 412 A.2d 1094 (1980); *Silvestri v. Strescon Industries, Inc., supra; Budzichowski v. The Bell Telephone Company of Pennsylvania, supra; Heckendorn v. Consolidated Rail Corporation,* 293 Pa.Super. 474, 439 A.2d 674 (1981);[3] *Berger v. U.G.I. Corporation,* 285 Pa.Super. 374, 427 A.2d 1161 (1981). See also: *Longever v. Revere Copper and Brass Incorporated, supra; Mapson v. Montgomery White Trucks, Inc.,* 357 So.2d 971 (Ala.1978); *Needham v. Fred's Frozen Foods, Inc.,* 171 Ind.App. 671, 359 N.E.2d 544 (1977); *Winkler v. Hyster Co.,* 54 Ill.App.3d 282, 12 Ill.Dec. 109, 369 N.E.2d 606 (1977); *Rosales v. Verson Allsteel Press Co.,* 41 Ill.App.3d 787, 354 N.E.2d 553 (1976). Kosowan's suit against Hall-Woolford was barred by Section 303(a) of the Workmen's Compensation Act, 77 P.S. § 481(a), and the trial court correctly dismissed the complaint with prejudice.

Affirmed.

**3.** The Supreme Court granted allocatur in this case on April 27, 1982.