Francis J. QUATTROCHI

v.

ALLIED CHEMICAL CORPORATION.

Civ. A. No. 84–6161.

United States District Court,
E.D. Pennsylvania.

Jan. 15, 1986.

---

Harry Lore, Philadelphia, Pa., for plaintiff.

Dennis J. Morikawa, Kenneth D. Kleinman, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

On December 17, 1984 plaintiff, Francis J. Quattrochi, filed a complaint alleging that he was wrongfully terminated from his employment in violation of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and the public policy of Pennsylvania (now Count I of plaintiff's Amended Complaint). Plaintiff specifically contended that he was wrongfully discharged as a result of his filing claims for workmen's compensation and unemployment benefits. In addition to seeking compensatory and punitive damages from his former employer, Allied Chemical Corporation, plaintiff requested a declaratory judgment and preliminary injunction restraining defendant from terminating him and from reducing any benefits to which he is entitled under the applicable Collective Bargaining Agreement and Pension Plan.

Plaintiff's request for preliminary injunctive relief was denied but plaintiff was permitted by defendant to accept early retirement benefits without prejudice to this claim. Plaintiff then filed an amended complaint adding Count II, a claim under § 510 of the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1140, on the ground that he was terminated by defendant to avoid paying him disability benefits. The amended complaint also added Count III alleging that defendant is liable for injuries to him incurred in the course of his employment by defendant.

On or about April 24, 1984, plaintiff filed a claim for occupational disease under the Pennsylvania Workmen's Compensation Act. He alleged that he was injured by his exposure to toxic chemicals at defendant's plant. Plaintiff's application for workmen's compensation benefits is being defended by his employer through its Workmen's Compensation carrier. Although this matter has been heard, no decision has yet been made at the administrative level.

On July 23, 1984, plaintiff filed a claim for accident and sickness benefits under the Collective Bargaining Agreement then in effect; this claim was denied by defendant and its insurer on September 4, 1984. Plaintiff's grievance under the Collective Bargaining Agreement for denial of these disability benefits has proceeded to arbitration.

On July 25, 1984, plaintiff claimed unemployment compensation benefits on the ground that he had been disabled since November 1, 1983 and remained at risk of developing nasal carcinoma if he continued to work in the chemical environment of defendant's plant. A Referee's decision was entered in his favor on November 8, 1984 but defendant has appealed the Ref-

eree's decision awarding unemployment compensation.

Plaintiff's employment was terminated on November 15, 1984 on the ground that plaintiff had voluntarily left defendant's employment for health reasons. Defendant contends that it accepted plaintiff's resignation because plaintiff testified at his unemployment compensation hearing on November 7, 1984 that he would never again work for defendant; he had then been absent from work since June 25, 1984, a period of almost five months. Plaintiff originally contended that he did not resign voluntarily but was discharged involuntarily because he had filed claims for workmen's compensation and unemployment compensation.

On January 22, 1985, defendant filed a motion to dismiss plaintiff's amended complaint for failure to state a cause of action pursuant to Fed.R.Civ.P. 12(b)(6); defendant attached the affidavit of Kenneth A. Mills, an employee of the defendant, in support of the motion. Therefore, the motion is treated as one for summary judgment under Fed.R.Civ.P. 56. Defendant contends that: plaintiff's state law claim for wrongful discharge (Count I) should be dismissed because it is preempted by federal law and not recognized by Pennsylvania law; plaintiff's claims under LMRA (Count I) and ERISA (Count II) should be dismissed because plaintiff failed to exhaust mandatory contractual grievance and arbitration procedures under the Collective Bargaining Agreement and Pension Plan; and plaintiff's common law tort claim (Count III) should be dismissed because it is barred by the Workmen's Compensation and Occupational Disease Acts.

■ The unanswered and unopposed affidavit of Kenneth A. Miles in support of the motion must be accepted as establishing the facts stated therein; an adverse party may not rest upon the allegations or denials of his pleadings in support of a properly supported summary judgment mo-

tion. Fed.R.Civ.P. 56(e); *see Sunshine Books, Ltd. v. Temple University,* 697 F.2d 90, 96 (3d Cir.1982). Miles avers that plaintiff voluntarily resigned. Having voluntarily resigned, plaintiff cannot bring an action for wrongful discharge. Because plaintiff's voluntary resignation is dispositive, the court need not determine whether plaintiff's claims for wrongful discharge would have been barred for the reasons set forth by defendant had plaintiff been discharged involuntarily. Defendant's motion for summary judgment is granted with respect to Count I (public policy of Pennsylvania and § 301 of LMRA) and Count II (§ 510 of ERISA).

■ Plaintiff also asserts a common law cause of action against defendant for severe and permanent disability as the result of his exposure to chemicals, fumes and dust to which he was exposed in the course of his employment (Count III).* But plaintiff has filed a claim under the Pennsylvania Workmen's Compensation and Occupational Disease Acts ("WCOD Acts") for compensation for the same injuries.

The WCOD Acts provide an administrative scheme for compensation with respect to work-related injuries and illness without regard to the employer's negligence in causing the injury or illness. In return for a no-fault system of guaranteed payments, the employer is granted immunity from common law suits by employees. *Weldon v. Celotex,* 695 F.2d 67, 70 (3d Cir.1982); *Khor v. Raybestos-Manhattan, Inc.,* 522 F.Supp. 1070, 1072 (E.D.Pa.1981); *Kosowan v. MDC Industries, Inc.,* 319 Pa.Super. 91, 465 A.2d 1069, 1072 (1983); *Gabel v. Rohm and Haas Co.,* 254 Pa.Super. 162, 385 A.2d 576 (1978).

Defendant contends that plaintiff's claim is covered by the WCOD Acts and that there can be no recovery at common law for a disease that is covered by the Acts. Plaintiff alleges that he can maintain a common law cause of action because de-

---

* There is independent jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) for Count III because plaintiff is a citizen of Pennsylvania and defendant is a corporation incorporated under the laws of the state of New York with its principal place of business other than Pennsylvania.

fendant has denied that plaintiff is covered by the Acts by contesting his claim; *Perez v. Blumenthal Brothers Chocolate Co.*, 428 Pa. 225, 227, 237 A.2d 227, 229 (1968).

At a hearing held on January 13, 1986, plaintiff agreed that if compensation is ultimately awarded by the Workmen's Compensation Board, Count III will be withdrawn. Therefore, defendant's motion for summary judgment is denied with respect to Count III without prejudice to its renewal and this action is stayed pending resolution by the Workmen's Compensation Board. *See Gabel v. Rohm and Haas Co.*, 254 Pa.Super. 162, 385 A.2d 576 (1978).

### ORDER

AND NOW, this 15th day of January, 1986, upon consideration of defendant's motion for summary judgment, plaintiff's response thereto, and for the reasons set forth in the foregoing Memorandum, it is ORDERED that defendant's motion is GRANTED IN PART and DENIED IN PART as follows:

1. Partial summary judgment is GRANTED in favor of defendant Allied Chemical Corporation with respect to Count I and Count II of plaintiff's Amended Complaint.

2. Summary judgment with respect to Count III is DENIED without prejudice to its renewal.

3. The case is placed in SUSPENSE pending resolution of plaintiff's claim before the Workmen's Compensation Board. Defendant shall inform the court in six (6) months of the status of said claim.