## Shetrom v. Roxy Beverage

*A. J. Adams,* for plaintiff.
*David Andrews,* for defendant.

PEOPLES, *P.J.,* March 5, 1986—On January 8, 1982, Mary Ellen Shetrom, as next friend of Ronald M. Shetrom, a minor child, filed suit against Roxy Beverage for the loss of support suffered by said minor as the result of the death of his father, Christ A. Shetrom, an employee of defendant Roxy Beverage. It is alleged that Mr. Shetrom's death resulted from his involvement in a motor vehicle accident which occurred while he was operating a truck belonging to defendant employer. It is further alleged that at

the time of the accident, Mr. Shetrom was not licensed to operate any vehicle in the Commonwealth of Pennsylvania and was allegedly visibly intoxicated when he drove defendant's truck from defendant's place of business.

On February 1, 1982, defendant Roxy Beverage filed preliminary objections in the nature of a demurrer which challenged plaintiff's standing to bring the instant action and, further, raised the provisions of the Workmen's Compensation Law of June 2, 1915, as amended, 77 P.S. §481(a) as a bar to the instant action. In response to those preliminary objections, plaintiff filed an amended complaint to which defendant responded with further preliminary objections. Briefs were filed by counsel for plaintiff and counsel for defendant and oral argument was heard as to both sets of preliminary objections. We now proceed to the disposition of those preliminary objections.

In response to defendant's contention that the instant action is barred by the "exclusive remedy principle" which is embodied in section 481 of the Pennsylvania Worker's Compensation Act, 77 P.S. §481, plaintiff has raised the doctrine of "dual capacity." According to that "dual capacity" doctrine, an employer normally shielded from tort liability by the "exclusive remedy" principle may become liable in tort to his own employee, if he occupies in addition to his capacity as an employer a second capacity that confers upon him obligations independent of those imposed upon him as employer. Kohr v. Raybestos Manhattan, Inc., 522 F. Supp. 1070 (E.D., Pa, 1981); Silvestri v. Strescon Industries, Inc., 312 Pa. Super. 82, 458 A.2d 246 (1983). In the instant action plaintiff contends that in addition to its duty as an employer of decedent, defendant had a second duty imposed upon it by sections 1574 and

1575 of the Pennsylvania Motor Vehicle Code, 75 P.S. §1574, 1575, which prohibit any person from authorizing or permitting a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under "this chapter or who is not licensed for the type or class of vehicle to be driven" or in violation of any provisions of the Motor Vehicle Code.

Careful review of the legal references submitted by plaintiff reveals that the appellate courts of Pennsylvania have not yet adopted the doctrine of "dual capacity." Kosowan v. M.D.C. Industries, Inc., 319 Pa. Super. 91, 465 A.2d 1069 (1983). We are fully cognizant of our authority to exercise discretion to accept and apply the "dual capacity" doctrine, if its applicability is found; but it is the opinion of this court that the doctrine finds no application in the instant case.

Section 481(a) of the Pennsylvania Worker's Compensation Act, 77 P.S. §481(a), provides in pertinent part: ". . . the liability of an employer under this act shall be exclusive and in place of any and all liability to such employee, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death. . . ." Clearly, the Pennsylvania Worker's Compensation Act, supra, is the exclusive remedy for injury incurred in the course of the employee's employment and in the instant matter it is abundantly clear that the injuries sustained by decedent were directly related to his employment. Thus, it is our view that the provisions of section 481 of the act, supra, are controlling.

In determining whether plaintiff's contention that sections 1574 and 1575 of the Motor Vehicle Code, supra, impose a second duty upon defendant,

we have considered whether plaintiff is within the class sought to be protected by the legislature through the enactment of said provisions of the Motor Vehicle Code. In our view those sections are designed to protect other persons on the highways from coming into contact with a vehicle operated by unqualified persons. Plaintiff herein is clearly not within that protected class; he was not involved in any accident with an unqualified driver.

Further, plaintiff's claim alleges that the minor child is entitled to proceed with the instant action because he was a dependent child of the deceased employee. The provisions of the Worker's Compensation Act, supra, make specific provision for the payment of death benefits to a minor child. Thus, the minor child is not without remedy. Were we to adopt plaintiff's theory that there may be an avoidance of the exclusivity mandated by the Worker's Compensation Act, supra, we would need to find the doctrine of "dual capacity" applicable and further extend the protection of sections 1574 and 1575 of the Motor Vehicle Code, supra, to one who is clearly not a member of the class sought to be protected by the implementation of those provisions of the code.

Preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deductible therefrom, but does not admit conclusions of law and will be sustained if the complaint indicates on its face that the claim cannot be sustained. Greenspan v. United States Auto Ass'n., 324 Pa. Super. 315, 856, 471 A.2d 856 (1984); Stein v. Richardson, 302 Pa. Super. 124, 448 A.2d 558 (1982). This court is fully satisfied that the challenge to plaintiff's standing to maintain the instant action is meritorious and requires that the demurrer be sustained.

For all of the reasons hereinbefore set forth, it is concluded that the following is an appropriate

## ORDER

Now, this March 5, 1986, it is hereby ordered, directed and decreed that the preliminary objections in the nature of a demurrer of defendant Roxy Beverage are sustained and the complaint of plaintiff is dismissed.