798 F.2d 93
 Charles SHELLY and Ina V. Shelly, Appellants,
v.
JOHNS-MANVILLE CORPORATION, Johns-Manville Sales
Corporation, Johns-Manville Amiante Canada, Inc., Bell
Asbestos Mines, Ltd., Lake Asbestos of Quebec, Ltd.,
Carey-Canadian Mines, Ltd., Turner & Newall, Ltd., GAF
Corporation, Cape Asbestos, Cape Asbestos, Ltd., Egwep,
Ltd., Asbestos Textile Institute, Raybestos-Manhattan, Inc.,
Southern Asbestos Company, Keene Corporation, Fiberboard
Corporation, Cassiar Asbestos Corporation, Ltd.,
Metropolitan Life Insurance Company, and the Celotex Corporation
v.
ASBESTOS CORPORATION, LTD., Third-Party Defendant.
Thomas B. HUNTER, Sr., and Mary Hunter, Appellants,
v.
JOHNS-MANVILLE CORPORATION, Johns-Manville Sales
Corporation, Johns-Manville Amiante Canada, Inc., Bell
Asbestos Mines, Ltd., Lake Asbestos of Quebec, Ltd.,
Carey-Canadian Mines, Ltd., Turner & Newall, Ltd., GAF
Corporation, Cape Asbestos, Cape Asbestos, Ltd., Egwep,
Ltd., Asbestos Textile Institute, Raybestos-Manhattan, Inc.,
Southern Asbestos Company, Keene Corporation, Fiberboard
Corporation, Cassiar Asbestos Corporation, Ltd.,
Metropolitan Life Insurance Company, and the Celotex Corporation
v.
ASBESTOS CORPORATION, LTD., Third-Party Defendant.
Bruce L. NUNEMACHER and Arlene B. Nunemacker, Appellants,
v.
JOHNS-MANVILLE CORPORATION, Johns-Manville Sales
Corporation, Johns-Manville Amiante Canada, Inc., Bell
Asbestos Mines, Ltd., Lake Asbestos of Quebec, Ltd.,
Carey-Canadian Mines, Ltd., Turner & Newall, Ltd., GAF
Corporation, Cape Asbestos, Cape Asbestos, Ltd., Egwep,
Ltd., Asbestos Textile Institute, Raybestos-Manhattan, Inc.,
Southern Asbestos Company, Keene Corporation, Fiberboard
Corporation, Cassiar Asbestos Corporation, Ltd.,
Metropolitan Life Insurance Company, and the Celotex Corporation
v.
ASBESTOS CORPORATION, LTD., Third-Party Defendant.
George E. GOOD and Shirley A. Good, Appellants,
v.
JOHNS-MANVILLE CORPORATION, Johns-Manville Sales
Corporation, Johns-Manville Amiante Canada, Inc., Bell
Asbestos Mines, Ltd., Lake Asbestos of Quebec, Ltd.,
Carey-Canadian Mines, Ltd., Turner & Newall, Ltd., GAF
Corporation, Cape Asbestos, Cape Asbestos, Ltd., Egwep,
Ltd., Asbestos Textile Institute, Raybestos-Manhattan, Inc.,
Southern Asbestos Company, Keene Corporation, Fiberboard
Corporation, Cassiar Asbestos Corporation, Ltd.,
Metropolitan Life Insurance Company, and the Celotex Corporation
v.
ASBESTOS CORPORATION, LTD., Third-Party Defendant.
Warren H. OYSTER and Anna Mae Oyster, Appellants,
v.
JOHNS-MANVILLE CORPORATION, Johns-Manville Sales
Corporation, Johns-Manville Amiante Canada, Inc., Bell
Asbestos Mines, Ltd., Lake Asbestos of Quebec, Ltd.,
Carey-Canadian Mines, Ltd., Turner & Newall, Ltd., GAF
Corporation, Cape Asbestos, Cape Asbestos, Ltd., Egwep,
Ltd., Asbestos Textile Institute, Raybestos-Manhattan, Inc.,
Southern Asbestos Company, Keene Corporation, Fiberboard
Corporation, Cassiar Asbestos Corporation, Ltd.,
Metropolitan Life Insurance Company, and the Celotex Corporation
v.
ASBESTOS CORPORATION, LTD., Third-Party Defendant.
Allen D. PENWELL and Irene C. Penwell, Appellants,
v.
BELL ASBESTOS MINES, LTD., Lake Asbestos of Quebec, Ltd.,
Carey-Canadian Mines, Ltd., GAF Corporation,
Raybestos-Manhattan, Inc., Cassiar Asbestos Corporation,
Ltd., Metropolitan Life Insurance Company, and the Celotex Corporation
v.
ASBESTOS CORPORATION, LTD., Turner & Newall, Ltd., and
Turner Asbestos Fibres, Ltd.
Mildred REINCKE, Administratrix of the Estate of George
Reincke, and Mildred Reincke in her own right, Appellant,
v.
BELL ASBESTOS MINES, LTD., Lake Asbestos of Quebec, Ltd.,
Carey-Canadian Mines, Ltd., GAF Corporation, Raymark, Inc.,
Cassiar Asbestos Corporation, Ltd., Metropolitan Life
Insurance Company, and the Celotex Corporation
v.
ASBESTOS CORPORATION, LTD., Turner & Newall, Ltd., Turner
Asbestos Fibres, Ltd.
Jetwood W. HENSEL and Mary K. Hensel, Appellants,
v.
BELL ASBESTOS MINES, LTD., Lake Asbestos of Quebec, Ltd.,
Carey-Canadian Mines, Ltd., GAF Corporation,
Raybestos-Manhattan, Inc., Cassiar Asbestos Corporation,
Ltd., Metropolitan Life Insurance Company, and the
Celotex Corporation
v.
TURNER & NEWALL, LTD., Turner Asbestos Fibres, Ltd, c/o
Turner & Newall, Ltd., c/o Faulker House, C. Tenant & Sons
Company of New York, Rhodesian & General Asbestos
Corporation, Ltd., British Metal Corporation (South Africa
Propriety), Ltd., Flintkote Company, Asbestos Corporation,
Ltd., Asbestos Corporation of America.
Melvin F. GAINER and Lanna Gainer, Appellants,
v.
BELL ASBESTOS MINES, LTD., Lake Asbestos of Quebec, Ltd.,
Carey-Canadian Mines, Ltd., GAF Corporation,
Raybestos-Manhattan, Inc., Cassiar Asbestos Corporation,
Ltd., Metropolitan Life Insurance Company, and the Celotex Corporation
v.
ASBESTOS CORPORATION, LTD., Cape Asbestos S.A. (PVT) United,
Ltd., Flintkote Company, Jacquays Asbestos
Corporation, C. Tenant & Sons Co.,
Turner & Newall, Ltd., and
Turner Asbestos Fibres, Ltd.
 Nos. 85-1712 to 85-1720.
 United States Court of Appeals,
Third Circuit.
 Argued June 2, 1986.
Decided Aug. 11, 1986.
 
 David M. Weinfeld (argued), Philadelphia, Pa., for appellants.
 Arthur Makadon (argued), Creed C. Black, Jr., James D. Coleman, Mark S. Stewart, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for appellees.
 Before GIBBONS, BECKER, and STAPLETON, Circuit Judges.
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 Plaintiffs in these consolidated cases appeal from the district court's dismissal, pursuant to Fed.R.Civ.P. 12(c), of their common law asbestos personal injury claims. The district court held that the suits were barred by the exclusivity provisions of the Pennsylvania Workmen's Compensation and Occupational Disease Acts ("comp-bar"), which give employers immunity from common law suits by employees.[1] In so holding, the court rejected the plaintiffs' contention that they had pleaded a cause of action within the "intentional tort" exception to the comp-bar. We shall affirm on that point. However, because we also find that plaintiffs pleaded a cause of action within the "dual capacity" exception to the comp-bar, we shall reverse the judgment of the district court and remand the case for further proceedings.
 
 I. Facts and Procedural History
 
 2
 Appellants, former employees of Raymark Industries, Inc., and their spouses, brought ten separate actions against Raymark in the United States District Court for the Eastern District of Pennsylvania. Each of the complaints alleged that plaintiffs had contracted asbestosis and/or bronchogenic carcinoma and/or mesothelioma, as a result of asbestos exposure to which they had been subjected by defendant.[2] According to the complaints, plaintiffs reside near Raymark's plant in Manheim, Pennsylvania. The complaints averred that Raymark's misconduct resulted in the release of asbestos throughout the community, so that plaintiffs were exposed to asbestos in the normal course of their lives away from the workplace, as well as during their employment.
 
 
 3
 On September 13, 1985, Raymark moved for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), in each of the ten cases, alleging that plaintiffs' sole remedies were through Pennsylvania's workmen's compensation scheme. To secure a uniform decision with respect to the motions, the Eastern District judges arranged for the ten cases against Raymark to be consolidated before a panel of six judges.[3]
 
 
 4
 Defendant's memorandum accompanying its motion to dismiss stressed that plaintiffs had failed to state a cause of action within the intentional tort exception to the comp-bar. In a footnote, defendants asserted that plaintiffs also failed to state a cause of action within the dual capacity exception to the comp-bar. In their memorandum opposing the motion to dismiss, plaintiffs argued that their complaint stated a cause of action within the intentional tort exception. Their memorandum also included a section discussing their exposure to asbestos away from the workplace.
 
 
 5
 The district court granted defendant's motion to dismiss. Its opinion dealt exclusively with the intentional tort exception to the comp-bar, explaining why plaintiffs' claims failed to come within that exception. The court made no mention of the allegations of exposure away from the workplace or of the dual capacity exception. On appeal, plaintiffs raise two arguments: 1) that the district court erred in finding that plaintiffs failed to state a claim within the intentional tort exception to the comp-bar; and 2) that the district court ignored the fact that plaintiffs' allegations of exposure away from the workplace stated a cause of action under the dual capacity exception to the comp-bar.[4]
 
 
 6
 There is no doubt that the district court correctly decided the intentional tort exception issue, for subsequent to its decision, this court held that under Pennsylvania law, suits virtually identical to those of plaintiffs did not state a claim within the intentional tort exception to the comp-bar. Wilson v. Asten-Hill Manufacturing Co., 791 F.2d 30 (3d Cir.1986). Wilson controls and requires that we affirm the district court's decision insofar as it held that plaintiffs did not state a claim within the intentional tort exception. Therefore, the remaining issue in this case is whether the allegations in the complaint concerning plaintiffs' exposure to asbestos away from the workplace stated a claim within the "dual capacity" exception to the comp-bar, first applied in the Pennsylvania Supreme Court case of Tatrai v. Presbyterian University Hospital, 497 Pa. 247, 439 A.2d 1162 (1982).
 
 
 7
 II. The Dual Capacity Doctrine Under Pennsylvania Law
 
 
 8
 In Tatrai, supra, a hospital employee became ill while on the job and went to the hospital emergency room to seek medical attention. The foot stand of the X-ray table on which she was perched in the emergency room was loose, and she fell. When Ms. Tatrai sued the hospital, it pleaded the comp-bar defense. The opinion of the court, written by Justice Nix, held for plaintiff on the ground that, because her injury was not suffered in the course of employment, she was not eligible for workmen's compensation, hence the comp-bar did not apply. However, none of the other justices on the court joined Justice Nix's opinion. Rather, Justice Roberts wrote a concurring opinion, joined by three justices,[5] that supported plaintiff on a somewhat different basis. Justice Roberts essentially invoked the "dual capacity" doctrine:
 
 
 9
 In holding itself out to the public as a provider of medical services, appellee hospital owed a duty to all its patients. There is no basis for distinguishing appellant, a paying customer, from any other member of the public injured during the course of treatment.
 
 
 10
 Id., 497 Pa. at 255, 439 A.2d at 1166 (Roberts, J., concurring). Under this theory, plaintiff's eligibility for workmen's compensation was simply irrelevant. Id., 497 Pa. at 257, 439 A.2d at 1168. She was suing not as an employee injured by her employer, but as a member of the public.
 
 
 11
 Because Justice Roberts' opinion was a concurrence (albeit joined by a majority of the court), and Justice Nix's opinion for the court decided the case on a different basis, there is uncertainty as to whether the dual capacity doctrine is good law in Pennsylvania. After Tatrai, the Pennsylvania Supreme Court faced a case involving the doctrine, but provided no answer. See Budzichowski v. Bell Telephone Co., 503 Pa. 160, 469 A.2d 111 (1983) (court "assumed arguendo" that the doctrine is good law in the course of finding that, on the facts of the case, it did not apply in any event).
 
 
 12
 The lower Pennsylvania courts have not provided definitive guidance either. In Kosowan v. MDC Industries, Inc., 319 Pa.Super. 91, 465 A.2d 1069 (1983), the Superior Court stated that Tatrai "did not adopt generally the doctrine of dual capacity." Id. at 1072. However, it reached that conclusion by analyzing Justice Nix's lone opinion while simply ignoring the concurring opinion that had the support of four justices. Another superior court decision, Silvestri v. Strescon Industries, Inc., 312 Pa.Super. 82, 458 A.2d 246 (1983), noting the concurrence in Tatrai, concluded that the dual capacity doctrine is the law of Pennsylvania.
 
 
 13
 Our task, of course, is to predict what the Pennsylvania Supreme Court would do. Brown v. Caterpillar Tractor Co., 696 F.2d 246, 250 (3d Cir.1982). Even if the Pennsylvania Supreme Court cannot be said to have adopted the dual capacity doctrine in Tatrai, it surely gave us grounds for predicting that it will do so--four out of seven justices explicitly endorsed the doctrine, and none opposed it. Under the circumstances, we predict that the Pennsylvania Supreme Court, if called upon to decide the status of the dual capacity doctrine, would find the doctrine viable.
 
 
 14
 III. Did Plaintiffs' State a Claim Under the Dual Capacity
 
 
 15
 Doctrine?
 
 
 16
 We must next consider whether plaintiffs stated a claim for relief within the dual capacity exception. Paragraph 10 of plaintiffs' complaints states:
 
 
 17
 Such exposure to defendants' asbestos products occurred at the Manheim Plant, in and around their homes, on their way to and from their employment, before and after they began work for Raybestos-Manhattan.
 
 Paragraph 12(a) states:
 
 18
 The aforesaid exposures occurred both during work in the work environment and outside work in the general atmosphere from ambient air....
 
 
 19
 (emphasis added). The crux of plaintiffs' dual capacity argument, then, is that they were injured not only during their employment, but also in their role as part of the general public. They point out that, while defendant may be protected by the comp-bar from being sued in its capacity as an employer, it is obviously susceptible to suit by members of the general public who were injured by its polluting of the environment. In the latter case, Raymark is sued not in its capacity as an employer, but in its capacity as a private party. Plaintiffs contend that they are bringing suit as members of the public, alleging that they were injured by the asbestos dust that defendants released into the ambient air. They argue that the fact that they are also employees of Raymark is purely coincidental and should not deprive them of a cause of action.[6] See Anastasi v. Pacor, Inc., 7 Phil. County Rptr. 488, 515 (1982) (dual capacity exception applies where those injured "are by coincidence employees but at the time of injury are not engaged in the business of the employer and are in their independent capacities as members of the general public.").
 
 
 20
 In our view, plaintiffs' claims fall squarely within the dual capacity exception to the comp-bar as enunciated in the Tatrai concurrence. If plaintiffs were injured by exposure away from the workplace, it is unreasonable to deprive them of a cause of action that is available to the general public. Plaintiffs' allegations with respect to defendant's polluting the environment, which must be taken as true for the purposes of the motion to dismiss, stand entirely apart from plaintiffs' employment; under the pleadings, the environmental exposure would have occurred exactly as it did even if plaintiffs had never worked for defendant. These allegations concern defendant's violations of its duty to the general public, not its specific duty to its employees.
 
 
 21
 Defendants cite several cases refusing to apply Tatrai to permit employees recovery from their employer. Koslop v. Cabot Corporation, 622 F.Supp. 222 (M.D.Pa.1985); Oyster v. Johns Manville Corp., 568 F.Supp. 83 (E.D.Pa.1983); Kohr v. Raybestos-Manhattan, 522 F.Supp. 1070 (E.D.Pa.1981) (pre-Tatrai decision); Kosowan v. MDC Industries, Inc., 319 Pa.Super. 91, 465 A.2d 1069 (1983) (non-asbestos case); Silvestri v. Strescon Industries, 312 Pa.Super. 82, 458 A.2d 246 (1983) (same). However, in all but one of these cases,[7] the plaintiff's injury was entirely work-related and the plaintiff tried to avoid the comp-bar simply by citing the fact that the employer manufactured or sold goods to the public, as well as employed the plaintiff. In the present case, by contrast, to the extent plaintiffs alleged exposure away from the workplace, they alleged violations that were entirely unrelated to their employment. Thus, as noted, the instant case genuinely resembles Tatrai in that plaintiffs allege violations that affected them as members of the general public, simply living in the neighborhood.
 
 
 22
 It is likely that most of plaintiffs' exposure to asbestos occurred at the workplace. This circumstance does not mean that plaintiffs failed to state a claim under the dual capacity exception. It does suggest, however, that plaintiffs may have a difficult time establishing a relationship between their injuries and their exposure away from the workplace that is sufficient to justify recovery.[8] That issue, however, is beyond the scope of this appeal.
 
 
 23
 Plaintiffs indisputably alleged that their injuries stemmed, in part, from exposure away from the workplace. Thus, they stated a cause of action outside of the comp-bar.
 
 IV. Conclusion
 
 24
 For the reasons set forth above, we will reverse the judgment of the district court and remand this case for further proceedings.
 
 
 
 [1]
 Employees who suffered from work-related asbestos diseases prior to 1972 had to seek compensation under the Occupational Disease Act, Pa.Stat.Ann. tit. 77 Secs. 1208(l), 1403 (Purdon 1952). In 1972, the Workmen's Compensation Act was amended to include asbestos-related diseases within its coverage. Pa.Stat.Ann. tit. 77, Sec. 27.1(l) (Purdon 1952 & Supp.1985). An employee suffering from an asbestos-related disease may begin compensation proceedings under either Act, Pa.Stat.Ann. tit. 77, Sec. 1000. Absent a judicially-recognized exception, an employee's coverage under either Act is exclusive, and the employer is immune from common law suits by employees. Pa.Stat.Ann. tit. 77 Secs. 481(a), 1403. References in this opinion to Workmen's Compensation and the comp-bar should be understood to include the Occupational Disease Act as well as the Workmen's Compensation Act
 
 
 [2]
 The complaints also stated claims against several asbestos mining companies and product suppliers. These claims have been settled out of court
 The same counsel represented plaintiffs in all of the cases and the complaints in the ten cases were virtually identical. The complaints did not allege that the spouses had contracted diseases. The spouses' claims were derivative, alleging that their husbands' injuries resulted in damages to them.
 
 
 [3]
 Certain claims in some of the cases had been dismissed prior to the consolidation; see, e.g., Oyster v. Johns-Manville Corp., 568 F.Supp. 83 (E.D.Pa.1983) (portions of plaintiff Oyster's case based on negligence dismissed; published opinion discusses denial of motion to enter final judgment pursuant to Fed.R.Civ.P. 54(b) and of motion for certification under 28 U.S.C. Sec. 1292(b)). No final order in Oyster and the other cases in which some claims were dismissed was entered until the six-judge panel dismissed the consolidated cases. Thus, the dismissal of the claims in those cases, as well as the dismissal of the remaining claims after consolidation, are before us now under 28 U.S.C. Sec. 1291
 
 
 [4]
 Under Fed.R.Civ.P. 12(c), as under Rule 12(b)(6), the trial court must view the facts in the pleadings in the light most favorable to plaintiff and must grant the motion only if the moving party establishes that no material issues of fact remains and that it is entitled to judgment as a matter of law. Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir.1980), quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, Sec. 1368, at 690 (1969). Our review of such determinations is plenary. Merklin v. United States, 788 F.2d 172, 174 (3d Cir.1986)
 
 
 [5]
 The remaining two justices took no part in the case
 
 
 [6]
 Defendants contend that plaintiffs waived this claim by failing to state it in terms in the complaint or to argue the issue in their memorandum before the district court. We disagree. In response to an earlier motion for dismissal by defendant, prior to the consolidation of the ten cases, plaintiffs (in a memorandum filed in all of the cases) explicitly invoked the dual capacity doctrine, discussing Tatrai and noting that their exposure to asbestos had occurred "both on and off the employer's premises." Second, although plaintiffs' complaints did not state the magic words "dual capacity," they clearly raised the fact that plaintiffs had been injured away from the workplace (see paragraphs 10a and 12 quoted in the text). In addition, it is well-settled that "a complaint should not be dismissed 'merely because plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory.' " Harrison v. Springdale Water and Sewer Co., 780 F.2d 1422, 1426 (8th Cir.1986) (citations omitted); accord District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1081 (D.C.Cir.1984); Colonial Refrigerated Transportation, Inc. v. Worsham, 705 F.2d 821, 825 (6th Cir.1983); Gallick v. United States, 542 F.Supp. 188, 190 (M.D.Pa.1982). See also C. Wright & A. Miller, 5 Federal Practice and Procedure Secs. 1219, 1357 (1969). Moreover, plaintiffs devoted an entire section of their brief before the district court, under the heading "Environmental Exposure," to establishing that defendant caused them asbestos exposure where "plaintiffs lived, grew up, attended school, played and worked ... on their homes, streets, cars and play areas." Thus, plaintiffs clearly argued that their exposure away from the workplace constituted a ground for recovery. Because both parties emphasized the intentional tort exception issue, it is understandable that the district court did not address the question whether plaintiffs' allegations of exposure away from the workplace formed a separate basis for recovery. However, plaintiffs did preserve the argument for this appeal
 
 
 [7]
 The only case in which a court rejected a dual capacity claim based on asbestos exposure outside of the workplace, Oyster v. Johns-Manville, 568 F.Supp. 83 (E.D.Pa.1983), is one of the cases consolidated for this appeal
 
 
 [8]
 Exactly what a plaintiff will have to establish on remand is an extremely complex question both legally and factually, as is demonstrated by the following queries. What if the fact-finder concludes that neither exposure at the workplace nor exposure away from the workplace, by itself, would have resulted in plaintiff contracting a disease, but rather that the combination caused the injury? What if the fact-finder concludes that plaintiff's exposure away from the workplace, by itself, would have caused his disease, but also concludes that the exposure at the workplace alone also would have caused the disease? What if the fact-finder concludes that plaintiff would have contracted the disease from exposure at the workplace alone, but that the disease is worse by virtue of exposure away from the workplace? It is unclear in which of these situations recovery is warranted. The extent of damages is also unclear. Suppose that the fact-finder concludes that both work-related exposure and neighborhood exposure combined to cause the disease, and finds defendant liable. Is the defendant, in its capacity as a business in the neighborhood, to be treated as a joint tortfeasor, and held liable for the entire amount of damages? Alternatively, should a court deduct from any damages award the amount the party did or could receive from workmen's compensation?
 As a general matter, under Pennsylvania law, plaintiffs must establish that the alleged violation was a "substantial factor" in bringing about their injury. Hamil v. Bashline, 481 Pa. 256, 392 A.2d 1280 (1978); Menarde v. Philadelphia Transportation Co., 376 Pa. 497, 103 A.2d 681 (1954). As the foregoing discussion suggests, the "substantial factor" analysis is problematic and lends itself to various approaches in the context of "dual capacity" claims against employers in asbestos cases. It is for the district court, in the first instance, to address these questions. We do not have a concrete case posing the questions of causation and amount of damages, and the parties understandably have not briefed these contingencies. Moreover, these are issues of Pennsylvania law and perhaps the Pennsylvania courts and/or legislature will soon provide guidance.