**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1555
_____

ALLEN BRUNWASSER,
Appellant

v.

BARBARA BLACK; ROBERT J. HANNEN
_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(No. 11-cv-00014)
District Judge:  Honorable Arthur J. Schwab

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2012

Before:  RENDELL, FISHER, CHAGARES, Circuit Judges.

(Filed: April 06, 2012)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Allen Brunwasser appeals the District Court's dismissal of his suit against two

individuals, one an employee of Citizens Bank and the other who acted as counsel for

Citizens Bank, for complying with an IRS levy on Brunwasser's account at Citizens

Bank.  The District Court dismissed Brunwasser's complaint on the ground that bank

1

employees are immune from suit by taxpayers for honoring IRS levies against taxpayers' bank accounts pursuant to 26 U.S.C. § 6332. For the reasons that follow, we will affirm the District Court.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. The case currently before this Court on appeal is the second suit involving the IRS tax levy on Brunwasser's account at Citizens Bank. In the first case, Brunwasser brought suit against Citizens Bank to prevent it from surrendering funds in response to a levy served on it by the IRS on March 15, 2010, and against the IRS to prevent it from collecting unpaid tax liabilities by levying on his bank account. The District Court initially issued a temporary stay of the IRS levy, in order for it to rule on the United States' motion to dismiss, which Citizens Bank joined. On June 7, 2010, the District Court dismissed Brunwasser's first complaint for lack of subject matter jurisdiction pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421(a). On June 11, 2010, Citizens Bank complied with the IRS levy, by mailing a check in the amount of $19,517.47 to the IRS.

Brunwasser did not appeal the District Court's decision in the first suit. Instead, he filed a second complaint, the complaint in this case, in the Court of Common Pleas of Allegheny County, Pennsylvania, against Barbara Black, an employee of Citizens Bank and Robert J. Hannen, one of the litigation attorneys who represented Citizens Bank in the first suit. Brunwasser alleged two counts against Black and Hannen for complying with the levy: 1) conversion and 2) "intentionally and willfully depriving plaintiff of the

established rights, remedies and protections" of his appeals process with the IRS. Black and Hannen filed notice of removal to federal court and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The District Court granted Black and Hannen's motion for judgment on the pleadings on the grounds that Citizens Bank was obligated, pursuant to 26 U.S.C. § 6332(c), to pay the IRS levy once the stay was lifted, would have faced monetary penalties if it did not pay the levy, pursuant to § 6332(d), and Black and Hannen were immune from suit for honoring a levy, pursuant to § 6332(e).

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1441(a), 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We lack jurisdiction to review Brunwasser's claims about alleged errors made by the District Court in its ruling on his first complaint.

Our review of the District Court's grant of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is plenary. Shelly v. Johns-Manville Corp, 798 F.2d 93, 97 n.4 (3d Cir. 1986). We will affirm the District Court "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Knepper v. Rite Aid Corp., -- F.3d--, 2012 WL 1003515, at *4 (3d Cir. 2012).

## III.

Although Brunwasser raises many issues relevant to his dispute with the IRS and his first complaint, the issue before the Court is narrow and easily resolved under 26 U.S.C. § 6332(e), which provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

The United State Supreme Court has held that "a bank served with a notice of levy has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 727 (1985). Neither defense is applicable here and thus the Bank properly complied with the levy once the District Court's stay expired. The Court of Appeals for the Seventh Circuit, relying on § 6332(e), has held that bank employees, as well as banks, are immune from suit, even where the plaintiff challenges the validity of the levy. Moore v. Gen. Motors Pension Plans, 91 F.3d 848, 850-51 (7th Cir. 1996); see also Schiff v. Simon & Schuster Inc., 780 F.2d 210, 212 (2d Cir. 1985) ("The fact that appellant disputes the underlying tax assessment does not alter [appellee's] obligation to honor the levy."). Pursuant to § 6332(e), we hold that Black and Hannen were immune from liability to Brunwasser. See generally Nat'l Bank of Commerce, 472 U.S. at 727.

Brunwasser contends that Black and Hannen violated § 6332 and the regulations under that provision, Treas. Reg. § 301.6332-3, because payment of the levied certificate

4

of deposit was not payable until June 29, 2010. However, Example 5 of § 301.6332-3(c)(5) is on point and requires that a not yet matured certificate of deposit be surrendered, along with interest accrued, minus the bank's penalty under the terms of the account for early withdrawal.

Brunwasser further contends that Black and Hannen violated the automatic stay requirements of Federal Rule of Civil Procedure 62(a) when Citizens Bank complied with the IRS levy. Brunwasser misapprehends the meaning of Rule 62(a). When Citizens Bank complied with the IRS levy, it was not executing the judgment of the District Court's dismissal of his first complaint on June 7, 2011. Instead, when the District Court's stay expired on June 9, 2010 and Brunwasser did not file under Rule 62(c) for an injunction pending an appeal, Citizens Bank properly executed the IRS levy pursuant to § 6332(a). Although Brunwasser contends that the Bank was not required to comply with the levy immediately after the District Court's stay expired, this claim is belied by the regulations under § 6332, which provide in pertinent part:

> During the prescribed holding period, or any extension thereof, the levy shall be released only upon notification to the bank by the district director of a decision by the Internal Revenue Service to release the levy. If the bank does not receive such notification from the district director within the prescribed holding period, or any extension thereof, the bank <u>must surrender</u> the deposits, including any interest thereon as determined in accordance with paragraph (c)(2) of this section (up to the amount of the levy), <u>on the first business day after the holding period</u>, or any extension thereof, expires.

Treas. Reg. § 301.6332-3(c) (emphasis added).

We have considered Brunwasser's remaining arguments and find them without merit.

5

IV.

Because Black and Hannen are immune under § 6332(e), we will affirm the District Court.